IN RE: VINCENT LEGRANDE CARTER

No. 7415DC888

(Filed 16 April 1975)

1. **Appeal and Error § 9— commitment to mental health care facility — appeal from order — mootness**

    Though respondent in this proceeding for involuntary commitment to a mental health facility was unconditionally discharged some five months before her appeal from the order committing her to a hospital was heard in the Court of Appeals, her appeal was not moot since potentially adverse collateral consequences might continue so long as the judgment of involuntary commitment remained unchallenged.

2. **Insane Persons § 1— commitment to mental health care facility — findings required**

    Statutory mandate requires as a condition to a valid commitment order that the district court find two distinct facts: first, that the respondent is mentally ill or inebriate as those words are defined in G.S. 122-36; and second, that the respondent is "imminently dangerous to himself or others." G.S. 122-58.1, .2.

3. **Insane Persons § 1— failure to find respondent dangerous to herself or danger imminent — commitment improper**

Where there was no finding by the trial court that respondent was dangerous to herself as defined in G.S. 122-58.2(1) or that the danger was imminent, it was error for the court to enter an order that respondent be committed to a mental health care facility.

APPEAL by respondent from *Peele, Judge.* Judgment entered 8 July 1974 in District Court, ORANGE County. Heard in the Court of Appeals 16 January 1975.

This is a proceeding for involuntary commitment to a mental health facility pursuant to Chap. 122, Article 5A of the General Statutes.

On 28 June 1974 respondent's mother submitted a sworn petition to the District Court alleging that her daughter, Vincent LeGrande Carter, respondent herein, was mentally ill and imminently dangerous to herself or others. Pursuant to the petitioner's request, respondent was taken into custody and examined 28 June 1974 at John Umstead Hospital, Butner, by a medical doctor who recommended that respondent be hospitalized.

On 8 July 1974 a hearing was held on the petition. After receiving evidence from the petitioner and respondent, the district court made findings of fact and upon these findings ordered that respondent be committed to Umstead Hospital for a period not to exceed 28 days.

Notice of appeal was given in open court. Respondent was unconditionally discharged from Umstead Hospital on 2 August 1974 upon the certification of the medical director that she was no longer in need of hospitalization in the facility.

*Attorney General Edmisten by Assistant Attorney General Parks H. Icenhour for the petitioner appellee.*

*Jerry P. Davenport for respondent appellant.*

PARKER, Judge.

[1] Though respondent has been released, her appeal is not moot. So long as the judgment of involuntary commitment remains unchallenged, potentially adverse collateral consequences may continue. For example, the record discloses a controversy between respondent and her husband over custody of their child,

and the judgment here appealed from may well affect the determination of that controversy. Furthermore, the statute expressly provides that appeal may be had from a judgment of involuntary commitment in the district court to this court, as in civil cases. G.S. 122-58.9. Since the statute also directs that the initial period of commitment may not exceed 90 days, G.S. 122-58.8(b), there would be little reason to provide a right of appeal if the appeal must be considered moot solely because the period of commitment expires before the appeal can be heard and determined in this court. Accordingly, we consider this appeal on its merits.

Chapter 122, Article 5A of the General Statutes, which became effective 12 June 1974, provides:

"§ 122-58.1. *Declaration of policy.*—It is the policy of the State that no person shall be committed to a mental health facility unless he is mentally ill or an inebriate and imminently dangerous to himself or others . . . . "

"§ 122-58.2 *Definitions.*—As used in this Article:

"(1) The phrase 'dangerous to himself' includes, but is not limited to, those mentally ill or inebriate persons who are unable to provide for their basic needs for food, clothing, or shelter;

"(2) The words 'inebriety' and 'mental illness' have the same meaning as they are given in G.S. 122-36. . . . "

The statute provides for a hearing in the district court upon a petition for involuntary commitment. G.S. 122-58.7. Subsection (i) of that section is as follows:

G.S. 122-58.7 (i) : "To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others. The court shall record the facts which support its findings."

[2] Thus, statutory mandate requires as a condition to a valid commitment order that the district court find two distinct facts: first, that the respondent is mentally ill or inebriate, as those words are defined in G.S. 122-36; and second, that the respondent is "imminently dangerous to himself or others." The application of this dual requirement is the sole question on this appeal.

In the order appealed from, findings of fact 8, 9 and 10 are as follows:

"8. She [the respondent] is mentally ill.

"9. She is unable to take care of her personal needs for food, clothing and shelter by reason of mental illness aggravated by overdose of LSD and other drugs, violent temper, serious lack of insight and insufficient appreciation of the needs of others, and suspiciousness;

"10. Except to the extent indicated in finding No. 9, she is not of imminent danger to herself or others; that is, not imminently dangerous as to commission of physical violence upon herself or others."

[3]　Finding of fact No. 8 is not challenged and satisfies the first of the two requirements of the statute. There is, however, no finding sufficient to satisfy the second requirement. If Finding No. 9 be considered sufficient to show a determination by the court that respondent was dangerous to herself as defined in G.S. 122-58.2(1), yet there was no finding that the danger was imminent. Furthermore, the evidence in this case would not have supported such a finding.

For lack of all the findings required by statute for its validity, the judgment appealed from is

Reversed.

Judges MORRIS and HEDRICK concur.