IN THE MATTER OF ROSA LEE MOSTELLA

No. 7410DC1002

(Filed 7 May 1975)

**Insane Persons § 1— involuntary commitment — sufficiency of findings**

> The involuntary commitment of a prison inmate to a State mental hospital was supported by the court's finding that she suffers from mental illness resulting in her refusal to eat which makes her imminently dangerous to herself. G.S. 122-58.8(b).

APPEAL by respondent from *Barnette, Judge.* Order entered 30 August 1974 in District Court, WAKE County. Heard in the Court of Appeals 13 February 1975.

This is a proceeding in involuntary commitment instituted pursuant to G.S. 122-58.3 and 122-85(a) against respondent Rosa Lee Mostella, an inmate at the North Carolina Correctional Center for Women. From the order of the district court committing her to Dorothea Dix Hospital for a period of ninety days, respondent appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Lawrence D. Spears, Special Counsel for Mentally Ill, Dorothea Dix Hospital, for respondent appellant.*

ARNOLD, Judge.

The order of involuntary commitment was entered on 30 August 1974. Respondent entered the hospital on 3 September 1974 and was discharged on 30 September 1974. Before her appeal was perfected, however, she was returned to Women's Prison where she is serving a 24-26 year sentence for second degree murder. We agree with the discussion and holding in *In re Carter* (No. 7415DC888, N. C. Court of Appeals, filed 16 April 1975), with respect to whether the questions raised on appeal are moot. We, therefore, proceed to a consideration of this case on its merits.

The question before us is whether the district court found, as required by G.S. 122-58.8(b), "by clear, cogent and convincing evidence that the respondent is mentally ill or inebriate, and is imminently dangerous to himself or others . . . . " Upon a

careful review of the record, we are of the opinion that the requirements of the statute have been met.

Mary Rowe, correctional officer at Women's Prison, testified that she had observed respondent for nine days and that she refused to eat because she thought the prison staff was trying to poison her. Respondent also refused to wear clothing or take showers. The report of the examining psychiatrist, Ralph H. Massengill, Jr., M.D., concluded that respondent was of imminent danger to herself and unable because of mental illness (schizophrenic paranoid type vs. paranoid state) "to provide for basic personal needs for food, clothing, or shelter." This report and testimony at the hearing support the court's findings that respondent suffers from mental illness resulting in her refusal to eat which makes her imminently dangerous to herself.

The order of the trial court is

Affirmed.

Judges BRITT and MORRIS concur.