IN THE MATTER OF: JOHN LEWIS CROUCH

No. 7527DC644

(Filed 7 January 1976)

1. Appeal and Error § 9— commitment to mental health facility — appeal — mootness

　　Appeal of a person involuntarily committed to a mental health care facility was not moot although the commitment period had expired.

2. Insane Persons § 1— commitment order — failure to record facts

　　Order committing respondent to a mental health care facility was erroneous where the court failed to record the facts which support its findings as required by G.S. 122-58.7(i).

State v. Brown

APPEAL by respondent from *Harris, Judge.* Order entered 5 May 1975 in District Court, GASTON County. Heard in the Court of Appeals 10 November 1975.

Petitioner, Margaret R. Crouch, instituted this proceeding for the involuntary commitment of her husband, John Lewis Crouch. From the order of the district court entered 5 May 1975, committing him to Broughton Hospital for a period of ninety days, respondent appealed to this Court pursuant to G.S. 122-58.9.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Roberts and Caldwell, P.A., by Jesse B. Caldwell III, for respondent.*

MARTIN, Judge.

[1] While it is clear from the record that the commitment period of ninety days has expired, this appeal is not moot. *See In re Carter,* 25 N.C. App. 442, 213 S.E. 2d 409 (1975), and *In re Mostella,* 25 N.C. App. 666, 215 S.E. 2d 790 (1975).

[2] G.S. 122-58.7 (i) provides: "To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others. *The court shall record the facts which support its findings.* (Emphasis added.)" In this case the commitment order is erroneous on its face since it fails to record the facts which support its findings as required by statute.

For the reasons stated, the order appealed from is

Reversed.

Judges MORRIS and PARKER concur.