IN RE: WILLIAM M. NEATHERLY, JR.

No. 7514DC809

(Filed 3 March 1976)

Insane Persons § 1— respondent imminently dangerous to himself and others — insufficiency of findings

In a proceeding for involuntary commitment of respondent to a mental health care facility, the trial court's findings that respondent suffered from chronic undifferentiated schizophrenia, that he saw things that were not there, and that he talked to people who were not there were insufficient to support its finding that respondent was imminently dangerous to himself or others. G.S. 122-58.7(i).

APPEAL by respondent from *Moore, Judge.* Judgment entered 3 July 1975 in District Court, DURHAM County. Heard in the Court of Appeals 10 February 1976.

This is a proceeding pursuant to G.S. 122-58.1 et seq. to have the 53-year-old respondent committed to a mental health facility.

On 27 June 1975 respondent's sister filed a verified petition alleging that respondent was mentally ill and imminently dangerous to himself and others. Pursuant to the petition respondent was taken into custody and examined by a qualified physician on the staff of John Umstead Hospital who recommended that respondent be hospitalized.

On 3 July 1975, following a hearing on the petition, the court entered an order as follows:

> "This proceeding for involuntary commitment was heard this day before the undersigned. The court finds as follows:

> "That the respondent suffers from chronic, undifferentiated schizophrenia. That he is mentally ill, and imminently dangerous to himself or others. That he sees things that are not there and talks to people that are not thers (sic).

> "It is, therefore, ordered that

> "The respondent be, and hereby is, committed to John Umstead Hospital for a period not to exceed 90 days without further orders of the Court."

Respondent appealed.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Elisabeth S. Petersen for defendant appellant.*

BRITT, Judge.

G.S. 122-58.1 provides in pertinent part as follows: *"Declaration of policy.*—It is the policy of the State that no person shall be committed to a mental health facility unless he is mentally ill or an inebriate *and* imminently dangerous to himself or others; . . . . " (Emphasis added.)

G.S. 122-58.7 (i) provides: "To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate,

and imminently dangerous to himself or others. *The court shall record the facts which support its findings.*" (Emphasis added.)

Assuming, *arguendo,* that the court properly found that respondent was mentally ill, clearly it made insufficient findings showing that respondent was "imminently dangerous to himself and others." *See In re Carter,* 25 N.C. App. 442, 213 S.E. 2d 409 (1975).

For lack of sufficient findings required by statute to support its evalidity, the judgment appealed from is

Reversed.

Judges HEDRICK and MARTIN concur.