IN THE MATTER OF: AINSLEE EUGENE KOYI RESPONDENT

No. 7718DC368

(Filed 19 October 1977)

1. **Appeal and Error § 9— commitment to mental health facility—appeal— mootness**

   Appeal of a person involuntarily committed to a mental health care facility was not moot although the commitment period had expired.

2. **Insane Persons § 1.2— commitment order—failure to record facts**

   Order committing respondent to a mental health care facility must be reversed where the court failed to record sufficient facts to support its findings that respondent was mentally ill and imminently dangerous to himself or others as required by G.S. 122-58.7(i).

APPEAL by respondent from *Allen, Judge.* Order entered 16 March 1977 in District Court, GRANVILLE County. Heard in the Court of Appeals 27 September 1977.

This proceeding for the involuntary commitment of respondent, Ainslee Eugene Koyi, was initiated by Officer Scott of the Greensboro Police Department pursuant to the provisions of G.S. 122-58.1, et seq. Respondent was taken into custody and examined by a qualified physician at the Mental Health Center in Guilford County. As a result of this examination, the physician determined that respondent was mentally ill and dangerous to himself and others. Respondent was then taken to John Umstead Hospital where he was examined by Dr. Lev, who also found respondent to be mentally ill and dangerous to himself and others, because "In his present state he is totally unable to provide for his own welfare."

On 16 March 1977, a hearing on the petition pursuant to G.S. 122-58.7, was had. Dr. Lev's report was considered by the court, and respondent, who was represented by court-appointed counsel, testified in his own behalf. The court entered the following order:

"After hearing the testimony of Dr. Lev, Psychiatrist, who treats the above-named patient, _____ and _____ the Court finds by clear, cogent, and convincing evidence as follows:

X The patient is mentally ill or inebriate suffering with a mental disorder, diagnosed as manic depressive vs paranoid schizophenia (sic).

   X   The patient is imminently dangerous to himself or others in that _____.

   X   It is, therefore, ordered that the respondent be committed to John Umstead Hospital for a period of 90 days or until such time as he is discharged according to law.

This the 16 day of March, 1977.

                                    s/BEN U. ALLEN
                                      District Court Judge."

Respondent appealed pursuant to G.S. 122-58.9.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Sam B. Currin III for respondent appellant.*

MORRIS, Judge.

[1, 2]   Although the record discloses that the 90-day commitment period has expired, this appeal is not moot. *See In Re Carter*, 25 N.C. App. 442, 213 S.E. 2d 409 (1975).

G.S. 122-58.7(i) provides:

"To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others. The court shall record the facts which support its findings."

The direction to the court to record the facts which support its findings is mandatory. *See Matter of Crouch*, 28 N.C. App. 354, 221 S.E. 2d 74 (1976). The trial judge in the case *sub judice* did not record sufficient facts to support his findings that the respondent was mentally ill and imminently dangerous to himself or others. *See Matter of Neatherly, Jr.*, 28 N.C. App. 659, 222 S.E. 2d 486 (1976).

The order appealed from is

Reversed.

Judges VAUGHN and CLARK concur.