In re Bartley

Affirmed.

Judges PARKER and ARNOLD concur.

<hr>

IN THE MATTER OF MARILYN VIRGINIA BARTLEY, RESPONDENT

No. 7826DC957

(Filed 6 March 1979)

**Insane Persons § 1.2— involuntary commitment—imminent danger to self—insufficient findings**

The trial court failed to record sufficient facts to support its conclusion that respondent was imminently dangerous to herself where it found only that respondent was unable to care for herself and had no one to care for her.

Judge MARTIN (Robert M.) dissenting.

APPEAL by respondent from *Beachum, Judge.* Judgment entered 22 August 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 31 January 1979.

On 14 August 1978, a petition for involuntary commitment was filed by Stephen Wayne Bartley to have respondent taken into custody to determine if she should be involuntarily committed to a State mental hospital. On 22 August 1977, a hearing was conducted before Judge Beachum. Dr. Allan Johnstone's reports of 15 August and 21 August 1978 constituted the only evidence presented to the court:

"[T]he first evaluation, dated August 15, 1978, was made by Dr. Allan M. Johnstone, M.D., of the Mecklenburg Mental Health Hospital. He wrote, as indications of mental illness: 'Patient is very disorganized and rambles about delusional system of manuvers [sic] over (illegible) top of house yesterday—also about Camp Lejeune but doesn't make sense—' As indications of imminent danger to self or others he wrote: 'Unable to care for own basic needs.' On the second evaluation dated August 21, 1978, Dr. Johnstone's indications of mental illness were: 'Far advanced deteriorated schizophrenia. She is garbled and rambling in presenting "word salad". With loose associations e.g. "That's between me and my Ar-

tane (Rx rather than God)". His indications of imminent danger to self or others were: 'She is unable to manage even minimally for self even with normal hygiene.' In both evaluations, Dr. Johnstone recommended Appellant be committed to Broughton State Hospital."

The trial court concluded that respondent is "out of touch with reality," and she "is imminently dangerous to self since she can not [sic] care for self and no one to care for her." The court ordered respondent to be committed to Broughton Hospital for a period not to exceed 90 days. Respondent appealed.

*Attorney General Edmisten, by Associate Attorney General Christopher S. Crosby, for the State.*

*Public Defender Fritz Y. Mercer, Jr., by Assistant Public Defender William D. Acton, Jr., for respondent appellant.*

ERWIN, Judge.

The only question presented by this record is whether there was sufficient recorded evidence to support the court's finding that respondent was imminently dangerous to herself.

G.S. 122-58.7(i) provides:

"(i) To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others, or is mentally retarded, and because of an accompanying behavior disorder, is imminently dangerous to others. The court shall record the facts which support its findings."

This statutory mandate requires as a condition to a valid commitment order that the District Court must find, first, that respondent is mentally ill or inebriate as defined in G.S. 122-36; and second, that respondent is imminently dangerous to herself or others as defined in G.S. 122-58.2.

Respondent does not object to the entry into evidence of the two affidavits of Dr. Johnstone, although he was not present at the proceeding, and respondent was not afforded the right, guaranteed by statute, to cross-examine all witnesses. Respondent simply contends that the court failed to record sufficient facts to

support its finding that she was imminently dangerous to herself. We agree with respondent. The direction to the court to record facts which support its findings is mandatory. *See In re Koyi*, 34 N.C. App. 320, 238 S.E. 2d 153 (1977); *In re Hogan*, 32 N.C. App. 429, 232 S.E. 2d 492 (1977); and *In re Neatherly*, 28 N.C. App. 659, 222 S.E. 2d 486 (1976).

Where, as here, the trial court failed to follow the requirements of the statute, the commitment order entered must be reversed.

The order appealed from is

Reversed.

Judge MITCHELL concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

It is undeniable that my learned colleagues of the majority are correct in their conclusion that the findings of the trial judge do not precisely comport with the technical niceties of G.S. 122-58.7(i), as set out above in the majority's opinion. It seems to me, however, that something vastly more important than technical nicety and literal compliance with statutory language is at stake here. The affidavits of Dr. Johnstone clearly depict respondent as a mentally ill patient who, because of her delusional state and lack of family or friends to care for her, was unable to provide even minimal care for herself and could not be depended upon to perform even basic alimentary and hygienic functions without externally imposed supervision and regimen. The trial judge obviously based his finding that respondent was "imminently dangerous to self" upon these grounds. It does not seem correct to me to find that, because no sudden violent danger is threatened by respondent to herself, but rather, her death or injury is more likely to occur by slow degrees or by misadventure, she is not "imminently dangerous to herself." We are presented with a fundamental conflict here between two legitimate state interests: (1) that of seeking to preserve the welfare of those citizens who are, for whatever reasons, no longer

able to successfully pierce the clouds of mental darkness and responsibly care for themselves, and, (2) that principle, mandated by both our federal and North Carolina Constitutions, that *no* person should be deprived of liberty by the State save by due process of law, and then, only with the fullest panoply of procedural safeguards to reduce to the least extent possible any incidence of error prejudicial to individual liberty. I do not seek to erode the procedural safeguards and protections afforded by G.S. 122-58.7(i). However, it does seem to me that where competent and uncontroverted evidence appears of record to support the trial judge's findings in matters such as these, even though the findings be less than artfully worded, the courts should be loosed from the technical straitjacket of legal literalism, so as to be able to implement a decision that was made carefully and advisedly, and which is clearly in the best interests of the patient respondent. We have noted the opinion by Judge Britt (now Justice) in the case of *In re Lee*, 35 N.C. App. 655, 242 S.E. 2d 211 (1978) and find its rationale to be applicable to the present case. Here also, sufficient evidence was properly before the court to sustain the findings made. Accordingly, I cannot in conscience join the majority in their opinion and I respectfully dissent.