IN THE MATTER OF: R. J. CAVER, RESPONDENT

No. 7821DC943

(Filed 6 March 1979)

**Insane Persons § 1.2— commitment order—failure to record facts**

　　Order committing respondent to a mental health care facility must be reversed where the court failed to record sufficient facts to support its findings that respondent was mentally ill and dangerous to himself or others as required by G.S. 122-58.7(i).

APPEAL by respondent from *Alexander (Abner), Judge.* Order entered 26 July 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 29 January 1979.

On 23 July 1978, Officer Bailey E. Howard, Jr., a member of the Winston-Salem Police Department, signed a petition for involuntary commitment of the respondent, R. J. Caver. In the petition, he alleged that the respondent "is a mentally ill or inebriate person who is imminently dangerous to himself or others", pursuant to G.S. 122-58.1. The petitioner alleged that respondent was "very paranoid" and was seen shooting with a rifle at children riding on bicycles.

The magistrate executed a custody order at 4:00 a.m. on 23 July 1978, directing that the respondent be taken before a physician to be examined to determine if he was mentally ill or an inebriate person and imminently dangerous to himself or others. The order provided that if the physician found respondent mentally ill or an inebriate and imminently dangerous to himself or others, then he should be confined temporarily in an approved medical facility until a hearing could be held in district court. If not so found, he was to be released.

Two physicians subsequently examined the respondent and both diagnosed the respondent as paranoid with a particular fear of police, stating the belief that respondent was mentally ill and imminently dangerous to himself or others and recommending involuntary commitment.

At the 26 July 1978 hearing, evidence was received from the respondent, the petitioner, and respondent's neighbor, Mattie Thomas. The evidence tended to show that on or about the night of 23 July 1978, the respondent fired his rifle at several children as they rode their bikes down the street in front of respondent's home. None of the children was injured. No apparent motive for the shooting was presented. Mattie Thomas, eyewitness to the alleged shooting, testified that she was frightened having the respondent in her neighborhood because of this incident and also because of a previous shooting incident. The petitioner, as the investigating officer, testified that a warrant was issued against the respondent for discharging a firearm within the city. He further testified that respondent's house was extremely filthy, most of the doors had several locks on them, the respondent had a very obvious fear of anyone in uniform, and that there were an inordinate number of butcher knives in the house. No guns were found in the respondent's house. The respondent denied owning a gun or firing at the children.

Upon hearing the oral testimony and upon consideration of the physicians' affidavits, the court found "from clear, cogent and convincing evidence" that the respondent was mentally ill and imminently dangerous to himself or others. Respondent was committed to John Umstead Hospital for observation, care and treatment for a period not to exceed 90 days. From the ruling, respondent appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Christopher S. Crosby, for the State.*

*Larry G. Reavis, for respondent appellant.*

CARLTON, Judge.

In his one assignment of error, respondent contends that the trial court erred in signing and entering the commitment order. Respondent alleges that the evidence presented does not support

the order. Counsel for respondent concedes that he is unable to find prejudicial error. He submits the record for review by this Court.

G.S. Section 122-58.1 provides in pertinent part as follows: *"Declaration of policy.* — It is the policy of this State that no person shall be committed to a mental health facility unless he is mentally ill or an inebriate and imminently dangerous to himself or others; . . . ."

G.S. Section 122-58.7(i) provides in pertinent part as follows: "To support a commitment order, the court is required to find, by clear, cogent, and convincing evidence, that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others, . . . . The court shall record the facts which support its findings."

The court ordered involuntary commitment on the basis of the oral testimony presented at the hearing and the affidavits submitted prior thereto. However, the court failed to properly record these findings in its order of 26 July 1978. The direction to the court to record the facts which support its findings is mandatory. *See In re Crouch,* 28 N.C. App. 354, 221 S.E. 2d 74 (1976). The trial judge in the instant case did not record sufficient facts to support his findings that the respondent was mentally ill and imminently dangerous to himself or others. *See In re Koyi,* 34 N.C. App. 320, 238 S.E. 2d 153 (1977).

Vacated and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.