IN THE MATTER OF WALTRAUD H. HOLT

No. 8112DC290

(Filed 20 October 1981)

**Insane Persons § 1.2 — findings required by involuntary commitment statute — insufficient evidence to support commitment order**

    G.S. 122-58.7(i) requires, as a condition to a valid commitment order, that the court find by convincing evidence that (1) respondent is mentally ill or inebriate, and (2) respondent is dangerous to herself or others. Petitioner failed to meet the second prong of the test where the findings concerning respondent's incapacity to care for herself were not supported by the evidence, and evidence concerning threatening statements to her husband, without evidence of their substance, was insufficient to support a conclusion she is dangerous to others.

APPEAL by respondent from *Cherry, Judge.* Order entered 5 January 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 22 September 1981.

This is a proceeding pursuant to General Statute chapter 122, article 5A, for involuntary commitment of respondent to a mental health facility.

Respondent's estranged husband filed a sworn petition alleging that respondent was mentally ill and dangerous to herself or others. The facts on which the petition was based were stated as follows:

[R]espondent has a history since 1975 of psychi[atric] treatment; hospitalized at Cumberland Psychi[atric] Hospital in Dec 1978; received outpatient care from Jan to Sep 79; and had refused since that time to accept further treatment. Believes that certain unidentified forces are plotting against her, and preventing her from doing things that she wants to do; further [,] that there is a conspiracy against her. Frequently threatens to (roast) inflict physical injury upon the petitioner. Periodically complains of imaginary odors; claims her 4 children are speaking with voices differ[ent] from their own. Rapidly changing moods from passive to hostile behavior. Frequently calls the military police at Ft Bragg for imagined occurrences.

The district court, after receiving evidence from petitioner and respondent, made oral findings upon which it orally ordered

respondent committed, "for hospitalization and treatment over a period of ninety days unless . . . discharged as by law provided." A written order of commitment was subsequently signed and filed.

From the order of commitment, respondent appeals.

*Attorney General Edmisten, by Assistant Attorney General Lemuel W. Hinton, for the petitioner, appellee.*

*Staples Hughes, Assistant Public Defender, for the respondent, appellant.*

WHICHARD, Judge.

The involuntary commitment statute, G.S. 122-58.7(i), required as a condition to a valid commitment order that the district court find, by clear, cogent, and convincing evidence, two distinct facts: first, that respondent was mentally ill or inebriate, as those words are defined in G.S. 122-36; and second, that respondent was dangerous to herself or others. *In re Carter,* 25 N.C. App. 442, 213 S.E. 2d 409 (1975).

The court found, in its oral ruling and its written order, that respondent was mentally ill. The record contains competent evidence, medical and non-medical, to support this finding. It is thus conclusive on appeal, and the first of the two statutory requirements is satisfied. *In re Underwood,* 38 N.C. App. 344, 247 S.E. 2d 778 (1978).

To satisfy the second requirement there must be (1) findings to support a conclusion that respondent was dangerous to herself or others, and (2) competent evidence to support such findings. *Id.* With reference to whether respondent was dangerous to herself, the oral ruling contained a finding that she was "presently incapable of managing her own affairs, incapable of properly caring for herself as to medication or as to proper nourishment." The written order contained a finding that she was "incapable of properly caring for her medical needs, diet, grooming and general affairs." These findings, if supported by competent evidence, would support a conclusion that respondent was dangerous to herself.

Petitioner concedes that the portion of the findings relating to respondent's incapacity properly to care for herself as to

medication "does not appear·from the record to be based on the evidence." The evidence likewise in no way indicates respondent's incapacity to care for her grooming needs.

As to the remaining portion of these findings, which relates to respondent's incapacity to care for herself in terms of proper nourishment and diet, the psychiatrist who examined her four days before the hearing testified:

> By incapable of managing her own affairs I mean that in the withdrawn state she would not feed herself properly and do those things for herself that would maintain proper health. I have no personal knowledge of her not feeding herself properly. I only know what she said. She said that she would not eat if she suspected the food was poisoned.

While this witness testified that respondent "ha[d] a history of . . . severe withdrawn state," he did not testify that she was *at that time* experiencing it. Because his testimony that respondent "would not feed herself properly and do those things for herself that would maintain proper health" related only to when she was "in the withdrawn state," absence of evidence that she was in that state at the ·time the ruling was made renders the evidence insufficient to support the findings that respondent was incapable of ·properly caring for herself "as to· proper nourishment" and "diet."· The, evidence that respondent "would not eat if she suspected the food was poisoned" merely indicates normal behavior expected of any reasonable person. It thus is also insufficient to support the findings.

· "Our function on appeal is . . . to determine whether there was any competent evidence to support the factual findings made." *Underwood,* 38 N.C. App. at 347-348, 247 S.E. 2d at 781. Exercise of. this function here discloses no evidence to support the findings from ·which the court could have concluded that respondent was dangerous to herself.

With reference to whether respondent was dangerous to others, the findings were not sufficient to support such, a conclusion. The court found, in its oral ruling and its.written order, that "respondent ha[d] made statements to her husband of a threatening nature." There was no finding, however, and no evidence to support any finding that might have been made, as to when these

statements were made, the nature of the threats they contained, or the danger to petitioner reasonably inferable therefrom. This finding thus was insufficient to sustain a conclusion that respondent was dangerous to others. *See Carter*, 25 N.C. App. at 445, 213 S.E. 2d at 411. Moreover, we take judicial notice that if a mere finding that a wife made threatening statements to her husband suffices to support a conclusion that she is dangerous to others, few wives could withstand such a conclusion.

The evidence was not sufficient to support the findings from which the court could have concluded that respondent was dangerous to herself. The findings were not sufficient to support a conclusion that respondent was dangerous to others. The second of the two statutory requirements for involuntary commitment thus has not been met.

Accordingly, the order appealed from is

Reversed.

Judges HEDRICK and HILL concur.