IN THE MATTER OF: WILLIAM R. BOOKER, III, Respondent

No. COA08-565

(Filed 21 October 2008)

**1. Appeal and Error— appealability—mootness—involuntary commitment—prior discharge**

Although the period for respondent's involuntary commitment has expired, a prior discharge will not render questions challenging the involuntary commitment proceeding moot, and an appeal of an involuntary commitment order is not moot when the challenged judgment may cause collateral legal consequences for appellant.

**2. Mental Illness— involuntary commitment—failure to record sufficient findings of fact—dangerous to self and others**

The trial court erred in an involuntary commitment case by failing to record sufficient facts to support its findings that respondent was dangerous to himself and to others, and the order is reversed because: (1) a trial court's duty to record the facts that support its findings is mandatory and required by N.C.G.S. § 122C-268(j); (2) the doctor's findings that were incorporated by reference in the trial court's order were insufficient to support the trial court's determination that respondent was dangerous to himself and to others; and (3) a determination of whether there was sufficient competent evidence presented during the hearing was unnecessary since the trial court failed to make any findings from the evidence presented at the hearing and only incorporated the doctor's findings in his written report.

Appeal by Respondent from order dated 15 November 2007 by Judge Joseph E. Setzer, Jr. in District Court, Wayne County. Heard in the Court of Appeals 22 September 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson, for Petitioner.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for Respondent.*

McGEE, Judge.

William R. Booker, III (Respondent) was involuntarily committed to a mental health facility on 26 October 2007 pursuant to an Affidavit and Petition for Involuntary Commitment initiated by Respondent's sister and a custody order entered by a magistrate. Respondent was examined by Dr. P.R. Chowdhury (Dr. Chowdhury) on 30 October 2007. Dr. Chowdhury diagnosed Respondent with bipolar disorder and alcohol abuse. Dr. Chowdhury found Respondent to be mentally ill, dangerous to himself, and dangerous to others. Dr. Chowdhury recommended that Respondent receive an inpatient commitment of up to fifteen days and an outpatient commitment of seventy-five days.

A hearing was held in District Court on 1 November 2007. The trial court found that Respondent was mentally ill and dangerous to himself. The trial court ordered that Respondent remain hospitalized for up to fifteen days and ordered an outpatient commitment of seventy-five days.

Dr. Chowdhury filed a Request for Hearing on 7 November 2007 indicating that it would be necessary for Respondent to remain hospitalized beyond the fifteen days ordered by the trial court. Dr. Chowdhury examined Respondent again on 13 November 2007. In his 13 November 2007 report, Dr. Chowdhury stated that it was his opinion that Respondent was "[m]entally ill; [d]angerous to self; [and] [d]angerous to others[.]" Dr. Chowdhury recommended inpatient commitment for thirty days and outpatient commitment for sixty days.

In response to Dr. Chowdhury's request for hearing, a second hearing was held on 15 November 2007. At this hearing, Respondent's sister testified that she and Respondent lived with their 85-year-old mother, and that on the evening of 26 October 2007, she heard Respondent yelling angrily outside their mother's bedroom. She testified that when she got to their mother's bedroom, she found their mother on the floor, and their mother said she had fallen because Respondent had scared her.

Respondent's sister also testified that she went with Respondent to one of his doctor's appointments in May 2007 and was told by a nurse that Respondent had not been coming to his appointments. She testified that "when [Respondent] runs out of his medications at the end of the month and does not refill them, [Respondent] will come out of his room every five minutes and walk into [their] mother's

**IN RE BOOKER**

[193 N.C. App. 433 (2008)]

room. . . . want[ing] [their] mother to give him money." Respondent's sister further testified that she did not want Respondent to come back to live with their mother.

Dr. Chowdhury testified at the 15 November 2007 hearing that Respondent had been diagnosed with bipolar disorder, manic alcohol abuse, and co-morbid condition. Dr. Chowdhury also testified that Respondent did not acknowledge that he had a mental disease and that Respondent did not think he needed medication. However, Dr. Chowdhury testified that Respondent agreed that Respondent had a substance abuse problem and also admitted that he had a prior history of substance abuse.

Dr. Chowdhury also testified that he believed Respondent was dangerous to himself, but that Respondent had not attempted to injure himself, nor had Respondent actually injured himself. Dr. Chowdhury further testified that Respondent had not been aggressive but had been irritable. He testified that Respondent's mood had been unstable and that he had been changing Respondent's prescriptions due to side effects. Dr. Chowdhury also testified that Respondent needed supervision because Respondent was reluctant to take his medications. Dr. Chowdhury stated that if it was determined that Respondent needed to be started on other medications, the medications would need to be started while Respondent was hospitalized. Dr. Chowdhury's 13 November 2007 report was admitted into evidence.

Respondent also testified at the 15 November 2007 hearing. Respondent testified that on 26 October 2007 he found his mother sitting on the floor of her bedroom. Respondent denied yelling at his mother. Respondent said that his mother "has dementia. . . . [and] his mother will be in a rest home." Respondent testified that he had previously passed the bar examination in Pennsylvania but that he had no resources or opportunities to get work. Respondent further said that if he were to leave that day, he would have nowhere to go, and that he had no transportation or driver's license. Respondent also said that he had asked his mother for money. He testified that he had bipolar disorder and that he took Respiredal for ten years, but that it did not appear to work.

The trial court concluded that Respondent was mentally ill and was dangerous to himself and others. In its order, the trial court incorporated by reference as findings the 13 November 2007 report of

Dr. Chowdhury. The trial court ordered that Respondent be recommitted to an inpatient facility for a period not to exceed thirty days and be recommitted to an outpatient facility for a period not to exceed forty-five days. Respondent appeals. Respondent was discharged from his inpatient commitment on 5 December 2007.

**[1]** Respondent first contends that the trial court failed to record sufficient facts to support its findings that Respondent was dangerous to himself and dangerous to others. We agree.

We first note that although the period for Respondent's involuntary commitment has expired, "a prior discharge will not render questions challenging the involuntary commitment proceeding moot." *In re Mackie*, 36 N.C. App. 638, 639, 244 S.E.2d 450, 451 (1978) (citation omitted). Furthermore, an appeal of an involuntary commitment order is not moot when the challenged judgment may cause collateral legal consequences for the appellant. *See, e.g., In re Hatley*, 291 N.C. 693, 231 S.E.2d 633 (1977).

**[2]** N.C. Gen. Stat. § 122C-268(j) (2007) provides that "[t]o support an inpatient commitment order, the court shall find by clear, cogent, and convincing evidence that the respondent is mentally ill and dangerous to self, as defined in G.S. 122C-3(11)a., or dangerous to others, as defined in G.S. 122C-3(11)b. The court shall record the facts that support its findings."

Our Court stated in *In re Hayes*, 151 N.C. App. 27, 29, 564 S.E.2d 305, 307, *disc. review denied*, 356 N.C. 613, 574 S.E.2d 680 (2002), that "[w]e see no reason to distinguish the standard of review of a recommitment order from that of a commitment order, and hence, we review this order as we would a commitment order."

> On appeal of a commitment order our function is to determine whether there was *any* competent evidence to support the "facts" recorded in the commitment order and whether the trial court's ultimate findings of mental illness and dangerous to self or others were supported by the "facts" recorded in the order.

*In re Collins*, 49 N.C. App. 243, 246, 271 S.E.2d 72, 74 (1980) (alteration in original) (citations omitted). N.C.G.S. § 122C-268(j) specifically requires that the facts supporting the findings of the trial court be recorded. A trial court's duty to record the facts that support its findings is "mandatory." *In re Koyi*, 34 N.C. App. 320, 321, 238 S.E.2d 153, 154 (1977).

In its order, the trial court checked the box on the printed form that reads: "Based on the evidence presented, the Court by clear, cogent and convincing evidence finds as facts all matters set out in the physician's[] report, specified below, and the report is incorporated by reference as findings." The date of the last physician's report was 13 November 2007 and the physician's name listed was Dr. P.R. Chowdhury. The next box on the printed form that provided a section for other findings of fact to be recorded was not checked and no other findings of fact were recorded in the order.

The 13 November 2007 report stated it was Dr. Chowdhury's opinion that Respondent was mentally ill, dangerous to himself, and dangerous to others, but the only "matters set out in" the report as findings by Dr. Chowdhury were that Respondent was a "56 year old white male, with history of alcohol abuse/dependence, admitted with manic episode. [He] [c]ontinues to be symptomatic with limited insight regarding his illness." These findings by Dr. Chowdhury "incorporated by reference" in the trial court's order are insufficient to support the trial court's determination that Respondent was dangerous to himself and to others.

Whether or not there was sufficient competent evidence presented during the 15 November 2007 hearing that Respondent was dangerous to himself and to others, we do not determine, since the trial court failed to make any findings from the evidence presented at the hearing and instead only incorporated in its order the findings of Dr. Chowdhury in his written report. Because we conclude that the facts recorded in the trial court's order to support its findings, as specifically required by N.C.G.S. § 122C-268(j) (2007), are insufficient to support the trial court's findings that Respondent was dangerous to himself and to others, we must reverse the trial court's order. *See In re Neatherly*, 28 N.C. App. 659, 222 S.E.2d 486 (1976).

As this issue is dispositive of this case on appeal, we need not review Respondent's second assignment of error. Respondent did not argue his remaining assignments of error and they are therefore deemed abandoned. N.C.R. App. P. 28(a).

Reversed.

Chief Judge MARTIN and Judge STEPHENS concur.