IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-743

No. COA22-441

Filed 15 November 2022

Burke County, No. 21 SPC 50223

IN THE MATTER OF:

B.S.

Appeal by Respondent from order entered 5 November 2021 by Judge Andrea C. Plyler in Burke County District Court. Heard in the Court of Appeals 5 October 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Hilary R. Ventura, for the State of North Carolina.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender David W. Andrews, for Respondent-Appellant.*

JACKSON, Judge.

Respondent B.S.[1] ("Respondent") appeals from the trial court's order re-committing him to a 120-day term of involuntary inpatient commitment. After careful review, we vacate and remand back to the trial court.

## I.    Background

---

[1] We use initials to protect Respondent's privacy. *See* N.C. R. App. P. 42(b).

On 23 November 2020, Respondent was indicted on one count of first-degree arson and one count of attempted first-degree arson. On 3 March 2021, the Honorable Louis Trosch entered an Involuntary Commitment Custody Order finding that Respondent was incapable of proceeding with the criminal action and ordering that he be taken temporarily into the custody of a 24-hour treatment facility for examination and treatment pending a district court hearing.

At an initial commitment hearing on 18 June 2021, the trial court found that Respondent had a mental illness and was a danger to himself and ordered a commitment period of 60 days. Respondent was re-committed for a period of 90 days by order on 13 August 2021.

On 5 November 2021, Respondent's case was heard again in Burke County District Court after a recommendation by Respondent's physician at the inpatient facility that he be commitment for a further 180 days. The trial court heard testimony from a psychiatrist at the inpatient facility. During the psychiatrist's testimony, Respondent, then represented by counsel, interrupted several times. After the first interruption the trial court directed Respondent to talk to his attorney, who in turn asked Respondent if he wanted to proceed *pro se*. Respondent said no.

A few moments later while the psychiatrist was still testifying, Respondent's attorney told the trial court that Respondent wished to represent himself. The trial court had Respondent sign a waiver of counsel form and he then proceeded *pro se*.

After the close of testimony and arguments, the trial court orally found that Respondent was mentally ill and a danger to himself or others. The same day, the trial court issued a written order committing Respondent to 120 days at the inpatient facility. The trial court checked the boxes on the commitment order form that Respondent was mentally ill and a danger to himself or others. The trial court also wrote as further facts supporting commitment: "poor insight into mental illness and poor judgment. Patient is refusing to take medication."

Respondent entered written notice of appeal of the 5 November 2021 order on 18 November 2021.

## II. Analysis

Respondent raises three arguments on appeal: (1) the trial court erred by allowing Respondent to represent himself at the involuntary commitment hearing; (2) the trial court's findings of fact did not establish that Respondent was mentally ill or dangerous to himself or others; and (3) the proper remedy is to reverse the commitment order without remand to the trial court for a new hearing.

As an initial matter, though not challenged by the State, we note that while a term for involuntary commitment may necessarily be over by the time it reaches our Court, it is well established that "a prior discharge will not render questions challenging the involuntary commitment proceeding moot." *In re Booker*, 193 N.C. App. 433, 436, 667 S.E.2d 302, 304 (2008) (internal quotations omitted). This is

because "the challenged order may form the basis for future commitment or may cause other collateral legal consequences for the respondent." *In re Webber*, 201 N.C. App. 212, 217, 689 S.E.2d 468, 472-73 (2009).

¶ 10    "We review the trial court's commitment order to determine whether the ultimate finding concerning the respondent's danger to self or others is supported by the court's underlying findings, and whether those underlying findings, in turn, are supported by competent evidence." *In re W.R.D.*, 248 N.C. App. 512, 515, 790 S.E.2d 344, 347 (2016).

## A. Waiver of Counsel

¶ 11    Respondent first contends that the trial court erred in allowing Respondent to represent himself at the commitment hearing.  We agree.

¶ 12    North Carolina General Statute § 122C-268 governs the district court hearing procedures for inpatient commitment.  Under this statutory scheme, a respondent "shall be represented by counsel of his choice; or if he is indigent within the meaning of G.S. 7A-450 or refuses to retain counsel if financially able to do so, he shall be represented by counsel appointed in accordance with the rules adopted by the Office of Indigent Defense Services."  N.C. Gen. Stat. § 122C-268(d) (2021).

¶ 13    Rule 1.6 of the Office of Indigent Services ("IDS") provides:

> An indigent person who has been informed of his or her right to be represented by counsel at any in-court-proceeding may, in writing, waive the right to in-court

representation by counsel. Any such waiver of counsel shall be effective *only if* the court finds of record that at the time of waiver the indigent person acted with full awareness of his or her rights and of the consequences of the waiver. In making such a finding, the court *shall* follow the requirements of G.S. 15A–1242 and *shall* consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the matter.

IDS Rule 1.6(a) (2015) (emphasis added).

North Carolina General Statute § 15A-1242 requires that a judge make a thorough inquiry and be satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

Together, N.C. Gen. Stat. § 122C-268(d), IDS Rule 1.6, and N.C. Gen. Stat. § 15A-1242 form the mandatory framework under which a trial court must act when a respondent at an involuntary commitment proceeding chooses to represent himself, and the failure to follow this framework is prejudicial error. *In re Watson*, 209 N.C. App. 507, 518, 706 S.E.2d 296, 303 (2011).

In *Watson*, we vacated the trial court's commitment order where the trial court allowed the respondent to represent himself without inquiring about or considering

the respondent's "age, education, mental condition, or the complexity of the proceeding." *Id.* We held that perfunctory questioning by the trial court is insufficient. *Id.*

¶ 17    Here, the following initial exchange took place at the commitment hearing:

> **Q**: Okay. How long ago did the refusals start?
>
> **[Witness]**: Well, I think he refused yesterday both doses. I think, I'm not sure about this morning, but I know yesterday he refused. And, you know, he says that it makes him nauseous—
>
> **B.S.**: Your Honor, I'd like to accuse the witness of perjury at this moment.
>
> **The Court**: Okay, talk to your attorney.
>
> **B.S.**: The witness—I took my medication yesterday. I refused two times the day before, and she said I refused several times. I would like to accuse her of perjury.
>
> **The Court**: All right. I'm going to let you talk to your attorney. I'm going to let the witness continue to testify. You'll have your opportunity to speak.
>
> **[B.S.'s attorney]**: Do you want to be *pro se*?
>
> **B.S.**: Okay.
>
> **[B.S.'s attorney]**: Do you want to be *pro se*?
>
> **B.S.**: No, I wouldn't like to be *pro se*.

¶ 18    A short time later, the following further exchange occurred:

> **[B.S.'s attorney]**: Excuse me, Your Honor. My client has just informed me he would like to be *pro se* in this matter.

**The Court**: Sir, you wish to represent yourself here today—

**B.S.**: Yes, thank you.

**The Court**: —and you don't wish to have any help from an attorney?

**B.S.**: Um, no, thank you.

**The Court**: All right.  At this time, raise your right hand, and listen to Madam Clerk that you wish to represent yourself.

**The Clerk**: [Indiscernible].

**The Court**: Okay.  We're going to be at ease for just a moment.  Just sit still for me.

**B.S.**: Thank you very much, madam.

**The Court**: You're welcome.

. . .

**The Court**: All right, sir.  Raise your right hand and listen to Madam Clerk.

[B.S. affirms that he waives his right to an attorney at 9:46 a.m.]

**The Court**: Okay.  We're going to have you sign this waiver.

**B.S.**: May I approach to sign, or what, is the bailiff gonna—

**The Court**: Nope.  They'll bring it to you.

**B.S.**: Appreciate it, señor.

**The Court**: All right.  You may proceed.

The trial court did not conduct any specific inquiry into Respondent's age, mental condition, or education, nor about whether he understood the complexity of the case or the full ramifications of choosing to represent himself.

Further, the waiver form signed by Respondent is a form designed for criminal cases, as evidenced by the certification section signed by the trial court that "the above named defendant has been fully informed of the charges against him/her, the nature of the statutory punishment for each charge, and the nature of the proceeding against the defendant[.]" The acknowledgement portion signed by Respondent contained no colloquy language and stated:

> As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of the statutory punishment for each such charge, and the nature of the proceeding against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

The State argues that because Respondent signed the waiver and proceeded to represent himself, engaging in cross-examination of witnesses, testimony on his own behalf, and argument to the court, he demonstrated informed waiver of counsel. We are unpersuaded.

The written waiver Respondent signed cannot serve on its own to satisfy the

requirements of N.C. Gen. Stat. § 15A-1242. It contains no substantive inquiry into Respondent's ability to represent himself. Even more importantly, it is clearly not intended to advise respondents in involuntary commitment hearings of their right to counsel and includes potentially misleading language about charges and prospective punishment faced by those who sign the form.

While it is true that the rationales of waiver of counsel from criminal cases also apply to cases of involuntary commitment, *Watson*, 209 N.C. App. at 516, 706 S.E.2d at 302, the signing of a criminal waiver of counsel form does not absolve the trial court of its statutory obligations to perform an independent inquiry about a respondent's ability to represent themselves at a commitment hearing, and neither does the subsequent conduct of Respondent in his self-representation. *See* IDS Rule 1.6 (waiver of counsel is only effective if the court makes findings that "shall follow the requirements of G.S. 15A–1242 and shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the matter"); *Watson*, 209 N.C. App. at 513, 706 S.E.2d at 300 (the use of the word "shall" is mandatory language for our trial court).[2]

---

[2] We also note that even in those criminal cases where the criminal waiver of counsel form is appropriate to use, we have held that "a written waiver of counsel is no substitute for actual compliance by the trial court with G.S. § 15A-1242." *State v. Wells*, 78 N.C. App. 769, 773, 338 S.E.2d 573, 575 (1986). Our Supreme Court considers the written waiver to be a supplement to the required inquiry in N.C. Gen. Stat. § 15A-1242, not an alternative to it.

Despite having Respondent sign a waiver of counsel and proceed *pro se*, the trial court found in its 5 November 2021 order that Respondent was represented by counsel. This finding is not supported by the evidence.

Because the trial court allowed Respondent to represent himself without conducting the statutorily mandated inquiry, the commitment order must be vacated. *See Watson*, 209 N.C. App. at 522, 706 S.E.2d at 305.

**B. The Trial Court's Commitment Order**

Respondent next contends that the trial court's findings of fact do not support its conclusion of law that Respondent was mentally ill or a danger to himself or others. Because we have already determined that the commitment order should be vacated, we do not address this argument.

**C. Appropriate Remedy**

Respondent finally contends that the appropriate remedy in this case is to reverse the commitment order without remand to the trial court. Respondent asserts that there is a divergence in how this Court has disposed of cases where we have found that the trial court failed to record sufficient findings of fact. An earlier line of cases simply reversed with no remand back to the trial court, while a separate, later

*See State v. Thomas*, 331 N.C. 671, 674-75, 417 S.E.2d 473, 476 (1992) ("As a *further* safeguard, the trial court must obtain a written waiver of the right to counsel." (emphasis added)).

line reversed and remanded. Because our opinion this case is not analogous to those cited by Respondent, we do not address this apparent conflict in our precedent.

¶ 28         Respondent is correct that there appears to be a split in our judicial history in how we have disposed of cases where we have found that the trial court made insufficient findings of fact in involuntary commitment cases. *See, e.g., In re Crouch*, 28 N.C. App. 354, 355, 221 S.E.2d 74, 75 (1976) (reversed with no remand); *In re Neatherly*, 28 N.C. App. 659, 661, 222 S.E.2d 486, 487 (1976) (reversed with no remand); *In re Hogan*, 32 N.C. App. 429, 434, 232 S.E.2d 492, 495 (1977) (reversed with no remand); *In re Koyi*, 34 N.C. App. 320, 321, 238 S.E.2d 153, 154 (1977) (reversed with no remand); *In re Jacobs*, 38 N.C. App. 573, 576, 248 S.E.2d 448, 450 (1978) (reversed with no remand); *In re Bartley*, 40 N.C. App. 218, 220, 252 S.E.2d 553, 554 (1979) (reversed with no remand); *In re Caver*, 40 N.C. App. 264, 266, 252 S.E.2d 284, 286 (1979) (vacated and remanded); *In re Allison*, 216 N.C. App. 297, 300, 715 S.E.2d 912, 915 (2011) (reversed and remanded); *In re Whatley*, 224 N.C. App. 267, 274, 736 S.E.2d 527, 532 (2012) (reversed and remanded); *In re J.C.D.*, 265 N.C. App. 441, 453, 828 S.E.2d 186, 194 (2019) (vacated and remanded). However, none of the cases identified by Respondent or by us as simply reversing with no remand also addressed the question of adequate waiver of counsel. As discussed *supra*, waiver of counsel is the only issue we reach in this opinion.

¶ 29         Where we have held that the trial court failed to follow the statutory mandates

for waiver of counsel, we have vacated the order and remanded for a new hearing. *See, e.g., Watson*, 209 N.C. App. at 522, 706 S.E.2d at 305; *In re B.J.G.*, 237 N.C. App. 398, 767 S.E.2d 152, 2014 WL 6434492 (2014) (unpublished); *In re V.O.*, 264 N.C. App. 249, 823 S.E.2d 694, 2019 WL 1040369 (2019) (unpublished); *In re T.R.K.*, 255 N.C. App. 857, 805 S.E.2d 541, 2017 WL 4365151 (2017) (unpublished). We are bound by our precedent on this matter. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

## III. Conclusion

For the foregoing reasons, we hold that the trial court failed to conduct the required statutory inquiry before allowing Respondent to represent himself at the 5 November 2021 involuntary commitment hearing. We therefore vacate the involuntary commitment order and remand for further proceedings.

VACATED AND REMANDED.

Judges WOOD and GRIFFIN concur.