IN THE MATTER OF JACKIE G. BOYLES, RESPONDENT

No. 7821DC473

(Filed 17 October 1978)

**Insane Persons § 2.1— motion to rehear—statutory notice not given—proceeding not dismissed**

Failure to give respondent whose commitment to a state mental health facility was about to expire at least fifteen days notice of a motion by the acting chief of medical services to rehear did not require dismissal of the proceeding; instead, unless respondent could show some prejudice, the proper action would be to continue the proceeding until ample notice was given. G.S. 122-58.11(e).

APPEAL by respondent from *B. Allen, Judge.* Judgment entered 2 February 1978 in District Court, GRANVILLE County. File transferred to Forsyth County following hearing in accordance with directive from the Administrative Office of the Courts. Heard in the Court of Appeals 21 September 1978.

Respondent was committed to John Umstead Hospital for a period to expire 1 February 1978. On 27 January 1978, six days before the expiration of the commitment period, the acting chief of medical services of Umstead Hospital filed with the clerk of court a request for rehearing pursuant to G.S. 122-58.11. On 30 January 1978 respondent and his attorney were served with notice of the rehearing scheduled for 2 February 1978, three days away. When the case was called for hearing on that date, respondent moved to dismiss the proceedings for lack of a timely request for rehearing and lack of timely notice of rehearing. Respondent's motion was denied, and at the conclusion of the hearing respondent was ordered committed for 180 days. From the denial of his motion respondent appeals.

*Attorney General Edmisten, by Associate Attorney Christopher S. Crosby, for the State.*

*S. F. Olive for respondent appellant.*

ARNOLD, Judge.

N.C. G.S. § 122-58.11 sets out the procedures for involuntary commitment rehearings. As this was not the first rehearing, subsection (e) applies: "Fifteen days before the end of the . . . commitment period . . . the chief of medical services of the facility

In re Boyles

shall . . . evaluate the condition of each respondent, and if he determines that a respondent is in continued need of hospitalization . . . shall so notify the respondent, his counsel, and the clerk of superior court. . . ." Respondent contends that this 15-day period has the effect of a statute of limitations, so that a proceeding brought on less notice must be dismissed. We disagree. Dismissal is too drastic, and unless respondent can show some prejudice the proper action would be to continue the proceeding until ample notice has been given.

Affirmed.

Judges VAUGHN and WEBB concur.