IN THE MATTER OF: LARRY JAMES JACOBS, RESPONDENT

No. 779DC1061

(Filed 7 November 1978)

1. **Insane Persons § 1.2— involuntary commitment order—failure to record sup-
   porting facts**
   Order committing respondent to a mental health care facility must be
   reversed where the court failed to record sufficient facts to support its find-
   ings that respondent was mentally ill and imminently dangerous to himself or
   others as required by G.S. 122-58.7(i).

2. **Insane Persons § 1— involuntary commitment—right to hearing within ten
   days after confinement**
   The respondent in an involuntary commitment proceeding was denied his
   right to a hearing before the district court within ten days of confinement as
   provided by G.S. 122-58.7(a) where the State failed at the original hearing held
   six days after confinement to offer any evidence or to come forward with even
   a copy of the magistrate's order of commitment or the petition for involuntary
   commitment, and the trial court continued the hearing, over respondent's ob-
   jection, for seven days.

APPEAL by respondent from *Wilkinson, Judge*. Judgment
entered 22 September 1977 in the District Court, GRANVILLE
County. Heard in the Court of Appeals 26 September 1978.

This case arose as an involuntary commitment proceeding
pursuant to G.S. Chapter 122, Article 5A. Franklin County Sheriff

William T. Dement filed a petition to initiate proceedings on 9 September 1977. A magistrate issued a custody order upon the petition. Thereafter respondent Jacobs was taken into custody and committed to John Umstead Hospital pending a hearing in the district court.

The sheriff's petition alleged that "respondent is a mentally ill or inebriate person who is imminently dangerous to himself or others". The petition alleged the following facts as basis for commitment:

> "Went to the Clerk of Court's Office Fixed (sic) his will and told the girls in the office that he was going to commit suicide. Tried to commit suicide in the Franklin County Jail by trying to hang himself. Tried to burn himself by wrapping toilet tissue around his body and setting himself on fire, by lighting same."

The hearing was calendared for 15 September 1977 at Umstead Hospital in Butner, Granville County, pursuant to G.S. 122-58.7. Respondent represented by special counsel appeared. The files containing the custody order and the petition had not been transferred, at the time the first hearing was scheduled, to the Clerk of Superior Court in Granville County where the hearing was to be held. Neither the order nor petition was available to the trial court or respondent's counsel. The respondent waived service of notice of the hearing.

Respondent moved to dismiss the proceedings. The motion was denied. However, neither party presented evidence. On the court's own motion, and over respondent's objection, the proceeding was rescheduled and heard on 22 September 1977. Respondent's motion to dismiss at the second hearing was denied. Both the State and respondent presented evidence. After the evidence was heard, the court found the patient to be mentally ill or inebriate and imminently dangerous to himself or others. Respondent was ordered committed to John Umstead Hospital for a period of 90 days.

From the order of commitment respondent appeals.

*Attorney General Edmisten, by Associate Attorney Christopher S. Crosby, for the State.*

*Special Counsel Susan Freya Olive for respondent appellant.*

MORRIS, Judge.

[1]   Respondent does not challenge the sufficiency of evidence. Nevertheless, he assigns as error the district court's failure to make findings of fact to support its commitment order. G.S. 122-58.7(i) provides in unambiguous terms: "The court shall record the facts which support its findings." This Court has held on numerous occasions that the district court must record the facts necessary to support its findings. *See e.g., In Re Koyi*, 34 N.C. App. 320, 238 S.E. 2d 153 (1977); *In the Matter of Crouch*, 28 N.C. App. 354, 221 S.E. 2d 74 (1976); *In Re Neatherly*, 28 N.C. App. 659, 222 S.E. 2d 486 (1976). We note that the commitment order in the case *sub judice* is essentially identical to that order found to be insufficient in *In Re Koyi, supra*. Merely placing an "X" in the boxes on the commitment order form does not comply with the statute.

[2]   Although the district court's failure to make findings of fact is sufficient error to require reversal, we note additionally that the trial court continued the respondent's hearing, over objection, for seven days. The State failed at the originally scheduled hearing to offer any evidence or to come forward with even a copy of the magistrate's order of commitment or the petition for involuntary commitment. The result was that respondent was denied his right to a hearing before the district court within ten days of confinement. G.S. 122-58.7(a) (1977 Cum. Supp.) mandates the following procedure for the district court hearing:

"A hearing *shall* be held in district court within 10 days of the day the respondent is taken into custody. Upon motion of the *respondent's* counsel, sufficiently in advance to avoid movement of the respondent, continuance of not more than five days each may be granted." (Emphasis added.)

The language of the statute is again plain and unambiguous. The granting of a continuance for five days is within the discretion of the trial judge only on the motion of respondent. If the legislature had intended to allow the trial court to exercise its traditional discretion in granting continuances, the second sentence in the quotation from the statute, supra, would not have been necessary. The statute indicates a conscious legislative decision to place the burden on the State to come forward with evidence to justify the commitment within 10 days. Such a duty

should not prove burdensome since within 24 hours a qualified physician at an appropriate mental health facility must have examined the respondent and concluded respondent was mentally ill or inebriate and imminently dangerous to himself or others. *See* G.S. 122-58.6.

This Court noted in a case applying the forerunner of G.S. Chapter 122, Article 5A (held unconstitutional since that decision) that taking a person without the intervention of any court proceeding is a drastic procedure. *Samons v. Meymandi*, 9 N.C. App. 490, 177 S.E. 2d 209 (1970), *cert. den.*, 277 N.C. 458, 178 S.E. 2d 225 (1971) (allowing commitment merely upon acknowledged statement of physician). The Court, speaking through Campbell, Judge, indicated its commitment to applying the statute strictly: "There being a statute which provides for a drastic remedy, it is encumbent upon all that use it to do so with care and exactness, even though the user may think it 'impractical'." 9 N.C. App. at 497, 177 S.E. 2d at 213. "When the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded by . . . a court under the guise of construction." *State ex rel. Utilities Commission v. Edmisten*, 291 N.C. 451, 465, 232 S.E. 2d 184, 192 (1977). Although the lack of flexibility provided in the statute may impose hardship on the State, the plain language of the statute, until amended, must control.

We note that this is not a situation wherein the application of G.S. 1A-1, Rule 6(a) would extend the ten-day period. *See e.g., In the Matter of Eugene Underwood*, 38 N.C. App. 344, 247 S.E. 2d 778 (1978) (where tenth day fell on a weekend).

This situation should also be distinguished from the rehearing proceedings under G.S. 122-58.11. *See In the Matter of Jackie Boyles*, 38 N.C. App. 389, 247 S.E. 2d 785 (1978). In that situation the respondent had already been committed pursuant to a district court proceeding and had undergone extended treatment. The time period in such cases, though important, is less critical than a hearing on initial commitment.

For failure to make findings to support its order for commitment, the district court must be

Reversed.

Judges MITCHELL and ERWIN concur.