IN THE MATTER OF: CONAN GUFFEY

No. 8129DC377

(Filed 3 November 1981)

**Insane Persons § 1.2— findings of mental illness, dangerousness to others—sufficiency of evidence**

    The trial court's finding that respondent was mentally ill was supported by medical evidence that respondent suffered from a manic depressive condition, manic phase, which was manifested by overtalkativeness and poor judgment. However, the trial court's determination that respondent was dangerous

to others was not supported by the record where the evidence showed only that respondent had engaged in an altercation with his landlord and respondent's testimony that he engaged in the fight only upon provocation from the landlord was uncontradicted, and the court failed to record sufficient facts to support its conclusion that respondent was dangerous to others.

APPEAL by respondent from *Tate, Judge.* Judgment entered 5 March 1981 in District Court, BURKE County. (Action docketed in Henderson County.) Heard in the Court of Appeals 12 October 1981.

Respondent appeals from an order of commitment issued pursuant to a petition by an unrelated individual. After hearing evidence from the State and the respondent, the court entered its order committing the respondent to Broughton Hospital for a period not exceeding 90 days. The court found that the respondent was mentally ill and that he was dangerous to others.

*Howard C. McGlohon, Special Counsel for the Mentally Ill, for the respondent-appellant.*

*Attorney General Edmisten, by Associate Attorney General Max A. Garner, for the State.*

BECTON, Judge.

The respondent raises three arguments on this appeal: (1) that there is insufficient evidence to support the trial court's finding that respondent is dangerous to himself and others; (2) that the trial court failed to record sufficient facts to support its findings of fact and conclusion of law that the respondent was dangerous to others; and (3) that there was insufficient evidence to support the court's findings and conclusion that the respondent was mentally ill.

"Our function on appeal is simply to determine whether there was any competent evidence to support the factual findings [of the trial court]." *In re Monroe,* 49 N.C. App. 23, 28, 270 S.E. 2d 537, 539 (1980) (citations omitted). "It is for the trier of fact to determine whether the evidence offered . . . is clear, cogent and convincing." *Id.,* 270 S.E. 2d at 539.

I

We agree with respondent that the trial court's finding that the respondent was dangerous to others is not supported by the record. This Court, in *In re Monroe,* enumerated three elements which must be found before a respondent can be declared dangerous to others. The trial court must find that

(1) Within the recent past

(2) Respondent has

    (a) inflicted serious bodily harm on another, *or*

    (b) attempted to inflict serious bodily harm on another, *or*

    (c) threatened to inflict serious bodily harm on another, *or*

    (d) has acted in such a manner as to create a substantial risk of serious bodily harm to another and

(3) There is reasonable probability that such conduct will be repeated.

*Id.* at 30-31, 270 S.E. 2d at 541.

The record before us shows only that the respondent had engaged in an altercation with his landlord. The evidence does not show that the respondent threatened to inflict, attempted to inflict, or in fact, inflicted serious bodily harm on the landlord. The evidence offered by the respondent shows that he engaged in the fight only upon provocation from the landlord. The respondent's testimony that he was not the aggressor and that he was provoked was not countered by the State. The State, having failed to show any specific details of the fight, has not shown by clear, cogent and convincing evidence, that the respondent is dangerous to others under G.S. 122-58.2(1)(b).

II

The respondent next argues that the trial court erred in failing to record sufficient facts to support its conclusions. We agree with the respondent.

G.S. 122-58.7(i) provides that the district court must record facts which support its conclusions. In *In re Jacobs,* 38 N.C. App.

573, 575, 248 S.E. 2d 448, 449 (1978) we said: "[t]his Court has held on numerous occasions that the district court must record the facts necessary to support its findings. [Citations omitted] . . . Merely placing an 'X' in the boxes on the commitment form does not comply with the statute."

The order issued by the trial court in this case contains the brief facts set out below in addition to "x's" in boxes on the commitment form.

> After hearing and considering all the evidence presented and the legal arguments of counsel, the court finds, by clear, cogent, and convincing evidence, that respondent is:

> (1)  (x)  Mentally Ill

> and that respondent is dangerous to:

> (f)  (x)  Others because, within the recent past, he has acted in such a way as to created [sic] a *substantial risk* of serious bodily harm to another, and there is a reasonable probability that he will repeat his conduct;

> Amont [sic] the evidentiary facts which support the above findings are the following:

> Several days prior to admission, Respondent engaged in a physical altercation with his landlord, and, although Respondent testified in Court of the incident, was unable to state whether he or his landlord had caused it, and what the reason for it was. Respondent is diagnosed as suffering from Depression, and is in need of continued in-patient treatment, in the opinion of Doctor Boyer, his physician.

We hold that these findings are insufficient to comply with G.S. 122-58.7(i).

## III

The respondent also argues that the court's finding that he was mentally ill as defined by G.S. 122-36(d)(i) is not supported by the evidence. We disagree.

G.S. 122-36(d)(i) states:

> The words "mental illness" shall mean: When applied to an adult, an illness which so lessens the capacity of the per-

son to use self-control, judgment, and discretion in the conduct of his affairs and social relations as to make it necessary and advisable for him to be under treatment, care, supervision, guidance or control. The words "mentally ill" shall mean an adult person with a mental illness. . . ."

Although the respondent offered evidence showing that prior to his admission he was able to provide himself with all his basic necessities, the State presented evidence in the form of testimony from Dr. Boyer showing that the respondent suffered from a manic depressive condition, manic phase, which was manifested by overtalkativeness and poor judgment. Thus, there is competent evidence in the record to support the trial court's findings and conclusions that the respondent was mentally ill.

Even though the court's finding that the respondent was mentally ill is supported by some competent evidence, we must reverse the court's order. G.S. 122-58.7(i) requires that to support an order of involuntary commitment, "the district court must find two distinct facts by clear, cogent and convincing evidence: first, that the respondent is mentally ill; . . . and second, that the respondent is dangerous to himself or others. 49 N.C. App. at 27-28, 270 S.E. 2d at 539. It is not enough to prove one or the other. *In the Matter of Holt,* --- N.C. App. --- , --- S.E. 2d --- (filed 20 October 1981). In this case we have a proper finding that respondent is mentally ill, but we do not have a proper finding that he is dangerous to others.

Because the State has failed to prove that the respondent was mentally ill *and* that he was dangerous to others, the order below is

Reversed.

Chief Judge MORRIS and Judge ARNOLD concur.