IN THE MATTER OF: WALTER W. CROUSE

No. 8321DC207

(Filed 20 December 1983)

1. **Insane Persons § 1.2— commitment order—placing "X" beside recorded facts on form**

    An order of involuntary commitment was not void because the court recorded the facts by placing the letter "X" by the recorded facts on the order of commitment form. G.S. 122-58.7.

2. **Insane Persons § 1.2— involuntary commitment—dangerousness to self**

    Reports of psychiatrists indicating the respondent was paranoid, destructive, and potentially dangerous were sufficient to support the court's determination that respondent was dangerous to himself.

3. **Insane Persons § 1.2— involuntary commitment—necessary findings**

    An involuntary commitment order need not be supported by a specific finding of probability of serious physical debilitation resulting from the lack of self-caring ability.

    Judge EAGLES dissenting.

APPEAL by respondent from *Harrill, Judge.* Order entered 18 November 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 26 October 1983.

The respondent appeals from an order in an involuntary commitment proceeding.

On 8 November 1982, petitioner (respondent's mother) initiated a proceeding for involuntary commitment pursuant to G.S. 122-58.3. Petitioner alleged that the respondent "is a mentally ill or inebriate person who is dangerous to himself or to others." The following facts were set forth as the basis for petitioner's opinion:

"[Respondent has] become deeply involved in religion. In the recent past was seclusive part of the time; hostile and raging at other times. Speech is pressured. Measures every coming event in days, hours, and minutes. This morning he screamed out, as he often does, and began to act so bizarrely that officers were called out. He was babbling incoherently, raging, hostile. Was trembling, fists were clenched, and he was ready to violently explode. Petitioner believes he is po-

tentially violent and unable to exercise judgment required to provide for his needs of safety and self-protection."

On the basis of this petition, the Assistant Clerk of Superior Court directed that respondent be taken into custody and held for examination by a qualified physician. Respondent was examined by two physicians who gave their opinion that respondent was mentally ill and was imminently dangerous to himself or others.

Respondent's case was heard in district court on 18 November 1982. Respondent was represented by counsel. The testimony of petitioner and the medical reports of the two physicians were introduced into evidence. The court found that respondent was mentally ill and dangerous to himself or to others. This finding was indicated by a mark in the appropriate space on the standard form denominated "Order in Involuntary Commitment Proceeding." In a similar fashion, the court indicated on the form that its finding was supported by the fact that respondent has recently "acted in such a manner as to evidence that he would be unable without care, supervision and the continued assistance of others to: satisfy his need for nourishment, personal or medical care, shelter, safety and protection." As evidence supporting these facts, the court incorporated by reference the medical reports of the examining physicians.

Respondent was committed for outpatient care at the Forsyth/Stokes Mental Health Clinic for a period not to exceed ninety days. From the entry of the order of commitment, respondent appealed.

*Attorney General Edmisten, by Associate Attorney Barbara P. Riley, for the State.*

*Sparrow and Bedsworth, by George A. Bedsworth, for respondent appellant.*

WEBB, Judge.

[1] In his first assignment of error the respondent contends that the commitment order is void on its face because the court did not record facts to support the order as required by G.S. 122-58.7. He says this is so because the court recorded the facts by placing the letter "x" in the boxes on the commitment order form beside

the facts and other findings it made. He says this violates the rule of *In re Jacobs,* 38 N.C. App. 573, 248 S.E. 2d 448 (1978). It is true that case states that "Merely placing an 'X' in the boxes on the commitment order form does not comply with the statute." We believe this is dictum. This Court in that case did not state what findings the district court had made but said they were essentially identical to the findings made in *In re Koyi,* 34 N.C. App. 320, 238 S.E. 2d 153 (1977). This Court held in *Koyi* the recorded facts were not sufficient. Since the recorded facts were not sufficient to support an order of commitment, we do not believe the statement as to the insufficiency of placing an "x" on the commitment order form was necessary to the decision in *Jacobs.* We do not believe this case should be reversed because the court recorded the facts by placing "x's" by the recorded facts on the order of commitment form.

[2]  The respondent also contends that there was not sufficient evidence for the court to find he was dangerous to himself. His mother testified as to the matters she had alleged in the petition. One of the psychiatrists stated that a finding of imminent danger to respondent could be based on "officers report anger, destruction, running away . . . potentially dangerous 2nd to paranoia." The other psychiatrist stated "the patient is now on medication, which may explain part of his 'reasonableness' but seems so lacking in judgment and/or having such a need to deny his behavioral excesses after the fact that the next 'explosion' even further fueled by anger over being sent here . . . could well cause injury to others." The court could conclude from the reports of the psychiatrists that the respondent is paranoid, destructive, and potentially dangerous. We believe this supports the findings of the district court.

[3]  The respondent, relying on *In re Crainshaw,* 54 N.C. App. 429, 283 S.E. 2d 553 (1981), argues that the district court should be reversed because it did not make a "specific finding of probability of serious physical debilitation resulting from . . . lack of self-caring ability." It is true that *Crainshaw* contains language to the effect that such a finding is necessary but we believe this is dictum and not binding on this panel. *Crainshaw* held that the evidence did not support a finding of dangerousness to self or others, and we believe the holding of that case should be limited to this. G.S. 122-58.7(i) says that an inpatient commitment order

may be supported by a finding "that the respondent is mentally ill . . . and dangerous to himself." We do not believe we should hold a finding in addition to this should be required to support a commitment order. Some of the language of *Crainshaw* would require it but we do not believe that language was necessary to a decision in the case and is not the holding of the case.

The respondent was committed for outpatient care. Since the court made findings which would support a commitment for inpatient care, we believe this supports an order for outpatient treatment.

Affirmed.

Judge PHILLIPS concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I dissent. Reversal of the order of the district court is required by our court's decision in *In re Jacobs*, 38 N.C. App. 573, 248 S.E. 2d 448 (1978), holding that "merely placing an 'X' in the boxes on the commitment order form does not comply with the statute," or alternatively, by our court's decision in *In re Crainshaw*, 54 N.C. App. 429, 283 S.E. 2d 553 (1981), mandating a "specific finding of probability of serious physical debilitation resulting from the more general finding of lack of self-caring ability."

The majority inappropriately characterizes the requirements laid down in *Jacobs* and *Crainshaw* as mere dictum which may be disregarded at will by subsequent panels of this court. I respectfully disagree.