IN THE MATTER OF JULIA A. BENTON

No. 7512DC273

(Filed 18 June 1975)

1. Appeal and Error § 9— commitment to mental health care facility — commitment period expired — appeal not moot

Though a commitment period of sixty days to a mental health care facility expired before respondent's appeal was heard in the Court of Appeals, her appeal from the order committing her was not moot.

2. Insane Persons § 1— involuntary commitment — admission of affidavit of psychiatrist — right to cross-examine abridged

In a proceeding for involuntary commitment to a mental health care facility, the trial court erred in allowing into evidence the affidavit of the examining psychiatrist since he was not present at trial and respondent was thereby denied her right to cross-examine the witness. G.S. 122-58.7(e).

3. Insane Persons § 1— imminent danger to self — insufficiency of evidence

In a proceeding for involuntary commitment to a mental health care facility, evidence was insufficient to support findings required by the involuntary commitment statutes that respondent was mentally ill or inebriate and was imminently dangerous to herself or others where such evidence consisted of an incompetent affidavit of a psychiatrist that respondent was mentally ill or inebriate and that she was "dangerous to herself only in that her illness negates her ability to meet her personal needs," testimony by respondent's parents that she kept them awake at night, talked to the television set, and complained of radioactive materials entering the house and of people poisoning her food, and testimony by respondent herself denying her parents' statements and stating that she had training in chemistry and botany and knowledge of physics and electronics.

APPEAL by respondent from *Guy, Judge*. Order entered 24 February 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 29 May 1975.

Petitioner, R. B. Benton, instituted this proceeding for the involuntary commitment of his daughter Julia. Respondent moved to dismiss the petition on the grounds that further proceedings would deny her rights of confrontation, guaranteed by the Sixth Amendment and G.S. 122-58.1 and -58.7(e), in that Dr. Pellegrini, whose affidavit would be offered in evidence by petitioner, was not present for cross-examination. The court denied the motion and respondent was arraigned.

In re Benton

The affidavit of M. L. Pellegrini, M.D., was admitted into evidence over respondent's objection. In it Dr. Pellegrini stated:

"Miss Benton has disassociative thought patterns, grandiose ideations, florid paranoid delusions, and shows marked impairment of her reasoning abilities. The patient is in the manic phase of her illness and exhibits pressure of speech and flight of ideas. She is presently disorganized and somewhat confused. . . . Miss Benton is dangerous to herself only in that her illness negates her ability to meet her basic personal needs."

Respondent's parents testified that she kept them awake at night, talked to the television set, and complained of radioactive materials entering the house and of people poisoning her food.

In her own behalf, Julia Benton testified that she often stays awake at night but does nothing to disturb others. She denied accusing people of poisoning her food and claimed to have training in chemistry and botany and knowledge of physics and electronics. She testified that she preferred not to take medication and had severed her relationship with the Veterans Administration Hospital in Fayetteville. There was no other evidence presented.

The court found that "respondent has disassociation thought process patterns and grandiose ideations, florid paranoid delusions and shows impairment in her reasoning ability." The court further agreed with Dr. Pellegrini that respondent "is dangerous to herself only in that her illness negates her ability to meet her personal needs." From an order committing her to an appropriate treatment facility for a period of sixty days, respondent appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Mary Ann Tally, Assistant Public Defender, Twelfth Judicial District, for respondent appellant.*

ARNOLD, Judge.

[1] While it is clear from the record that the commitment period of sixty days has expired, this appeal is not moot. *In re Carter*, 25 N.C. App. 442, 213 S.E. 2d 409 (1975), and *In re Mostella*, 25 N.C. App. 666, 215 S.E. 2d 790 (1975).

[2] Defendant contends and the State concedes that the trial court erred in admitting the affidavit of Dr. Pellegrini, the examining psychiatrist. We agree. Dr. Pellegrini was a witness for purposes of the proceeding. *See Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860 (1957). G.S. 122-58.7 (e) provides that "[c]ertified copies of reports and findings of qualified physicians and medical records of the mental health facility are admissible in evidence, but the respondent's right to confront and cross-examine witnesses shall not be denied." The statute could hardly be more explicit in preserving respondent's right of confrontation.

. The order appealed from states, "That the court finds as fact that the testimony of the petitioner and corroborating witnesses clearly shows that the mental instability of the respondent which evidence is the basis for the court's order for further treatment; that the affidavit of the doctor in their [sic] diagnosis supported the evidence of the petitioner. However, the basis for the court's findings relied on the petitioner [sic] and other witnesses' testimony rather than the affidavits signed by the doctors."

[3]. Notwithstanding the judge's statement to the contrary, it is obvious that Dr. Pellegrini's affidavit forms the basis of the order. It further states, "That the respondent was examined by a qualified physician on the 18th day of February, 1975, at the VA Hospital at Salisbury, North Carolina; that his recommendation is that she is mentally ill or inebriate. That his further recommendation or diagnosis is that Miss Benton is dangerous to herself only in that her illness negates her ability to meet her personal needs. . . . That the Court agrees and concurs with that recommendation." No evidence, except for the affidavit, was adduced to show that the respondent was imminently dangerous to herself or others.

From a reading of the involuntary commitment statutes we do not infer that an order of commitment may issue only when supported by competent medical evidence. G.S. 122-58.7 (i), however, does require that there be "clear, cogent and convincing evidence" to support the finding of two facts: first, that the respondent is mentally ill or inebriate, and, second, that the respondent is imminently dangerous to himself or others. *See In re Carter, supra.* Aside from the affidavit there is no evidence in this case to support any finding of "imminently dangerous" as required by the statute.

The record shows that the affidavit of Dr. Pellegrini forms the basis of the order of commitment. Since respondent was not afforded the right, guaranteed by statute, to cross-examine all witnesses, and since the evidence was not sufficient to support findings required by statute, the order is

Reversed.

Judges MARTIN and CLARK concur.