IN THE MATTER OF: MARVIN A. MACKIE

No. 7827DC102

(Filed 6 June 1978)

**Insane Persons § 1— report of absent physician—denial of confrontation—insufficient evidence**

In a rehearing for involuntary commitment to a mental health care facility, the admission of a written report prepared by a physician who was not present at the hearing denied respondent his right to confront and cross-examine the physician, G.S. 122-58.7(e), and the court's findings of mental illness and imminent danger were unsupported by competent evidence where the report furnished the only basis for such findings.

APPEAL by respondent from *Edens, Judge*. Order entered 25 August 1977 in District Court, BURKE County. Heard in the Court of Appeals 26 May 1978.

This is a special proceeding initially instituted by petitioner, Pearline Mackie, for the involuntary commitment of her son, Marvin A. Mackie. The respondent was committed pursuant to the original petition for a term to expire on 26 August 1977. On 1 August 1977 Dr. William A. Moody, Chief of Medical Services at Broughton Hospital, requested a rehearing pursuant to G.S. 122-58.11 to determine the need for continued hospitalization of the respondent.

At the hearing conducted on 25 August 1977, the State presented the testimony of the petitioner who stated that she had not seen the respondent since January of 1977, that she was not aware of his recent behavior, but that she thought "he looked better." The State also introduced into evidence the report of Dr. William A. Moody in which he stated that the respondent is mentally ill and is imminently dangerous to himself or others.

At the conclusion of the hearing the trial judge incorporated by reference the medical report prepared by Dr. Moody and found "by clear, cogent and convincing evidence, [that] the respondent is . . . mentally ill . . . , and is imminently dangerous to himself or others, and is in need of continued hospitalization." From the order recommitting the respondent for a period not to exceed six months, the respondent appealed.

*Attorney General Edmisten, by Associate Attorney Christopher S. Crosby, for the State.*

*Gaither and Wood, by J. Michael Gaither; and Rebecca L. Feemster for the respondent.*

HEDRICK, Judge.

The respondent's brief reveals that the respondent was discharged from the mental health facility on 9 March 1978. Nevertheless, our courts have made it clear that a prior discharge will not render questions challenging the involuntary commitment proceeding moot. *In re Hatley*, 291 N.C. 693, 231 S.E. 2d 633 (1977).

In order to support the recommitment of a respondent in an involuntary commitment proceeding, the trial court must find, "by clear, cogent, and convincing evidence that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others, . . . and in need of continued hospitalization." G.S. 122-58.11. The two ultimate facts of (1) mental illness or inebriacy, and (2) imminent danger, must be supported by facts which are found from the evidence and recorded by the District Court. *In re Hogan*, 32 N.C. App. 429, 232 S.E. 2d 492 (1977).

In his two assignments of error the respondent contends that the trial court erred in admitting the medical report of Dr. Moody

without his accompanying testimony and that, therefore, there was no competent evidence to support the trial judge's finding of imminent danger. We agree.

The medical report which was prepared by Dr. Moody and admitted by the trial court contains the findings that the respondent "Is Mentally Ill or Inebriate" and "Is Imminently Dangerous to Himself or Others." General Statute 122-58.7(e), which is made applicable to rehearings by G.S. 122-58.11(c), provides that while medical reports are admissible in evidence in an involuntary commitment proceeding "the respondents right to confront and cross-examine witnesses shall not be denied." Assuming without conceding that Dr. Moody's brief statement and conclusion as to the imminent danger of the respondent would support a recommitment order, his failure to appear at the hearing deprived the respondent of his right of confrontation and cross-examination. *In re Hogan*, 32 N.C. App. 429, 232 S.E. 2d 492 (1977); *In re Benton*, 26 N.C. App. 294, 215 S.E. 2d 792 (1975). Thus, the admission of the report into evidence was error.

The only other evidence presented at the hearing was the testimony of the petitioner, the respondent's mother, that she had not seen the respondent in eight months and was unaware of his recent behavior. This evidence obviously furnished no support for the trial judge's findings of mental illness and imminent danger. Thus, we hold that since the findings of the trial court were unsupported by competent evidence, the order appealed from must be reversed.

Reversed.

Judges PARKER and MITCHELL concur.