244 S.E.2d 450 (1978)
In the Matter of Marvin A. MACKIE.
No. 7827DC102.
Court of Appeals of North Carolina.
June 6, 1978.
*451 Atty. Gen. Rufus L. Edmisten by Associate Atty. Christopher S. Crosby, Raleigh, for the State.
Gaither & Wood by J. Michael Gaither, Newton, and Rebecca L. Feemster, Morganton, for respondent.
HEDRICK, Judge.
The respondent's brief reveals that the respondent was discharged from the mental health facility on 9 March 1978. Nevertheless, our courts have made it clear that a prior discharge will not render questions challenging the involuntary commitment proceeding moot. In re Hatley, 291 N.C. 693, 231 S.E.2d 633 (1977).
In order to support the recommitment of a respondent in an involuntary commitment proceeding, the trial court must find, "by clear, cogent, and convincing evidence that the respondent is mentally ill or inebriate, and imminently dangerous to himself or others, . . . and in need of continued hospitalization." G.S. 122-58.11. The two ultimate facts of (1) mental illness or inebriacy, and (2) imminent danger, must be supported by facts which are found from the evidence and recorded by the District Court. In re Hogan, 32 N.C.App. 429, 232 S.E.2d 492 (1977).
In his two assignments of error the respondent contends that the trial court erred in admitting the medical report of Dr. Moody without his accompanying testimony and that, therefore, there was no competent evidence to support the trial judge's finding of imminent danger. We agree.
*452 The medical report which was prepared by Dr. Moody and admitted by the trial court contains the findings that the respondent "IS Mentally Ill or Inebriate" and "IS Imminently Dangerous to Himself or Others." General Statute 122-58.7(e), which is made applicable to rehearings by G.S. 122-58.11(c), provides that while medical reports are admissible in evidence in an involuntary commitment proceeding "the respondent's right to confront and cross-examine witnesses shall not be denied." Assuming without conceding that Dr. Moody's brief statement and conclusion as to the imminent danger of the respondent would support a recommitment order, his failure to appear at the hearing deprived the respondent of his right of confrontation and cross-examination. In re Hogan, 32 N.C. App. 429, 232 S.E.2d 492 (1977); In re Benton, 26 N.C.App. 294, 215 S.E.2d 792 (1975). Thus, the admission of the report into evidence was error.
The only other evidence presented at the hearing was the testimony of the petitioner, the respondent's mother, that she had not seen the respondent in eight months and was unaware of his recent behavior. This evidence obviously furnished no support for the trial judge's findings of mental illness and imminent danger. Thus, we hold that since the findings of the trial court were unsupported by competent evidence, the order appealed from must be reversed.
Reversed.
PARKER and MITCHELL, JJ., concur.