An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-962

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

IN THE MATTER OF:
    DEBORAH PERKINSON JOHNSON

                                        Wake County
                                        No. 13 SPC 1148


Appeal by respondent from involuntary commitment order entered 14 March 2013 by Judge Kris Bailey in Wake County District Court. Heard in the Court of Appeals 22 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Adam M. Shestak, for the State.*
>
> *Parker Poe Adams & Bernstein LLP, by Matthew W. Wolfe, for petitioner-appellee Holly Hill Hospital.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defenders John F. Carella and Benjamin Dowling-Sendor, for respondent-appellant.*


BRYANT, Judge.


Where an involuntary commitment order lacks findings of fact as required under N.C. Gen. Stat. § 122C-268(j), such

omissions are substantive and, once notice of appeal has been given, cannot be corrected by the trial court in an amended order issued pursuant to N.C. Gen. State. § 1A-1, Rule 60(a).

On 6 March 2013, the guardian of respondent Deborah Perkinson Johnson ("respondent") filed an affidavit and petition for involuntary commitment alleging that respondent was mentally ill and dangerous to herself or others. That same day, a custody order was served upon respondent. Upon examination respondent was transferred to Holly Hill Hospital ("Holly Hill") for hospitalization pending her commitment hearing.

On 14 March 2013, a commitment hearing was held. During the hearing respondent's guardian testified that while in a manic state respondent spends money recklessly and has engaged in distracted driving and hurt herself in several car accidents. The Holly Hill psychiatrist who treated respondent testified respondent engaged in "inappropriate behavior" while manic and that respondent needed inpatient treatment to achieve clinical stability because respondent was non-compliant with her medications. Respondent admitted that she was mentally ill but testified that she is of "full faculty," "completely understands her illness," and has "been compliant with [her] meds."

At the conclusion of the hearing, the trial court found respondent to be mentally ill and dangerous to herself. Respondent was ordered committed to an inpatient facility for twenty days and an outpatient facility for seventy days. On 21 March 2013, respondent filed a notice of appeal pursuant to the 14 March order. On 22 March 2013, the trial court amended the 14 March commitment order. On 19 December 2013, respondent, acknowledging that the prior notice of appeal might not be sufficient to allow this Court jurisdiction to hear her appeal from the amended order, filed in this Court a petition for writ of certiorari.

_____

At the outset we note that although respondent's term of involuntary commitment has now expired, "a prior discharge will not render questions challenging the involuntary commitment proceeding moot." *In re Mackie*, 36 N.C. App. 638, 639, 244 S.E.2d 450, 451 (1978) (citation omitted). "When the challenged order may form the basis for future commitment or may cause other collateral legal consequences for the respondent, an appeal of that order is not moot." *In re Webber*, 201 N.C. App. 212, 217, 689 S.E.2d 468, 472—73 (2009) (citation omitted). Therefore, we address the merits of this appeal.

On appeal, respondent argues that the trial court erred: (I) by involuntarily committing respondent; and (II) by concluding that respondent met the standard for involuntary patient commitment.

*I.*

Respondent first argues that the trial court erred by involuntarily committing her. Specifically, respondent contends the trial court erred because the trial court's only valid commitment order, the first order issued 14 March 2013, did not support its conclusion that respondent was dangerous to herself with any findings of fact. We agree.

> On appeal from an order of commitment, the questions for determination are (1) whether the court's ultimate findings of mental illness and danger to self are supported by the facts which the Court recorded in its order as supporting its findings, and (2) whether, in any event, there was competent evidence to support the court's findings.

*In re Lowery*, 110 N.C. App. 67, 71, 428 S.E.2d 861, 863 (1993) (citation omitted).

The trial court issued two orders of commitment: an initial order filed 14 March 2013, and a second amended order which included handwritten findings of fact by the trial court dated 22 March 2013. Respondent filed a timely notice of appeal from

the initial order on 21 March, one day prior to the trial court's amending of the initial order on 22 March. The State now challenges respondent's appeal as untimely, arguing that because the trial court was permitted to amend its order pursuant to Rule 60(a), this Court lacks jurisdiction to hear respondent's appeal because respondent failed to file a timely notice of appeal from the 22 March amended order.

"The general rule is that the jurisdiction of the trial court is divested when notice of appeal is given, except that the trial court retains jurisdiction for matters ancillary to the appeal, including settling the record on appeal." *State v. Davis*, 123 N.C. App. 240, 242, 472 S.E.2d 392, 393 (1996) (citations omitted). As the trial court must have its records "speak the truth," pursuant to Rule 60(a),

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.

N.C.G.S. § 1A-1, Rule 60(a) (2013). However, "[w]hile Rule 60 allows the trial court to correct clerical mistakes in its

order, it does not grant the trial court the authority to make substantive modifications to an entered judgment." *Food Serv. Specialists v. Atlas Rest. Mgmt.,* 111 N.C. App. 257, 259, 431 S.E.2d 878, 879 (1993). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." *Buncombe Cnty. v. Newburn*, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784 (1993) (citation omitted).

The initial commitment order of 14 March does not contain any findings of fact, while the amended order dated 22 March contains handwritten findings of fact initialed by the trial court. The State argues that this amendment is permissible under Rule 60(a), as the handwritten findings of fact merely clarify the trial court's determination that respondent is dangerous to herself and thus should be committed to both in- and outpatient treatment, and accordingly is a clerical error. We disagree, as pursuant to N.C. Gen. Stat. § 122C-268(j),

> [t]o support an inpatient commitment order, the court shall find by clear, cogent, and convincing evidence that the respondent is mentally ill and dangerous to self, as defined in G.S. 122C-3(11)a., or dangerous to others, as defined in G.S. 122C-3(11)b. The court shall record the facts that support its findings.

N.C.G.S. § 122C-268(j) (2013). Moreover, this Court has recently held that where a statute requires the trial court to make findings of fact to support its ultimate determination of a party's rights, the presence or absence of those findings is substantive. *In re C.N.C.B.*, 197 N.C. App. 553, 678 S.E.2d 240 (2009) (holding that where the presence or absence of a finding of fact altered the effect of the order, any amendment adding or deleting that finding of fact was substantive and prohibited by Rule 60(a)).

Here, the trial court was clearly directed by N.C.G.S. § 122C-268(j) to "record the facts that support its findings" when issuing an involuntary commitment order. A review of the initial 14 March order does not indicate that the trial court made any findings of fact; rather, the trial court checked boxes indicating that it found respondent to be mentally ill and dangerous to herself, and noted that "the respondent appears and contests commitment, stipulate [sic] to mental illness and in need of out-patient commitment." This Court has held that in issuing an involuntary commitment order, "it is mandatory that the trial court record the facts which support its findings." *In re Allison*, ___ N.C. App. ___, ___, 715 S.E.2d 912, 915 (2011) (citation omitted) (holding that where "[t]he trial court

did not make any written findings of fact," "the trial court's checking of a box on its locally modified form is insufficient" to meet the requirements of N.C.G.S. § 122C-268(j)). As such, the trial court lacked jurisdiction to enter the amended order on 22 March where the amendment was to not to correct a clerical mistake in the order but to add statutorily required findings of fact and was, therefore, a substantive amendment. *See In re C.N.C.B.*, 197 N.C. App. 553, 678 S.E.2d 240. As respondent gave timely notice of appeal from the initial 14 March order, that appeal is properly before this Court. However, we deny respondent's petition for writ of certiorari to review the amended order as it was entered without jurisdiction. Based on our resolution of the jurisdictional issue, we do not reach respondent's second argument regarding whether she met the standard for involuntary commitment. We do, however, note that the evidence does appear to support a finding that respondent is mentally ill and potentially dangerous to others. We reverse and remand the 14 March order for entry of appropriate findings of fact.

Reversed and remanded.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).