TYSON, Judge.
V.O. ("Respondent") appeals from an involuntary commitment order, which committed him to thirty days of inpatient treatment and followed by ninety days of outpatient treatment. We vacate the trial court's order and remand for further proceedings.
I. Background
Respondent's daughter petitioned for his involuntary commitment on 9 February 2018. In her affidavit, she alleged her father had been diagnosed with paranoid schizophrenia and he used methamphetamine on a daily basis. The petition alleged Respondent purportedly believed he was being followed by the FBI and the CIA, and believed his son-in-law was involved with the CIA. The affidavit detailed Respondent's history of violence and threatening behaviors, including his attempted shooting of his father, threatening his son-in-law, and yelling and beating on his daughter's door the day prior and during the day she filed the petition, demanding to be let inside.
Respondent was examined at a behavioral health center on 9 February and 10 February 2018. Upon examination, Respondent was determined to be a danger to himself and others. He had previously threatened to shoot his son-in-law and had pointed a gun at people he had perceived to be a threat. At the hospital, Respondent stated he would shoot himself. He refused medication and lab work, and was required to be restrained.
On 16 February 2018, a hearing was held on the matter of Respondent's involuntary commitment. He was represented by counsel. Respondent had previously informed his counsel that he wanted to represent himself. His counsel so informed the trial court prior to the start of the hearing. The judge briefly discussed this decision with Respondent:
THE COURT: Okay. [Respondent], is that still your position this morning?
[Respondent]: For sure.
THE COURT: Okay. And so due to the complexity of the matter, [your counsel] won't necessarily speak on your behalf. What I will do is allow him to do [sic] is be standby so, if you have any legal questions, that you may have you can certainly ask him. Now, the understanding is also, due to the nature of this particular case, we like to try to have an attorney here. That's why one is assigned, but that is a right that you may exercise, and I want to make sure you have whatever assistance you need to proceed in this matter. But you also have to be careful and make sure that you are proceeding as any attorney would under these circumstances. Okay?
[Respondent]: Are you the magistrate or judge?
THE COURT: The judge, sir, yes.
[Respondent]: Your Honor, I represented myself two-and-a-half years ago.
THE COURT: Okay. All right.
[Respondent]: In another court matter that's pertaining to this.
THE COURT: Okay. Well, fantastic. So I'll- so again, he'll just be standby. He won't speak on your behalf, but I'll give him that opportunity for you to talk if you have any questions for him. Okay.
[Respondent]: (No audible response.)
THE COURT: You're very welcome. All right.
Dr. Besta, Respondent's assigned physician, testified regarding Respondent's time at the hospital. Dr. Besta described his ability to assess Respondent as "limited," due to asserted safety issues related to Respondent's aggression and irritability. Respondent cross-examined Dr. Besta, and then Respondent was questioned by the trial court.
The trial court appeared to conclude the hearing, and told Respondent he was to go back to his unit and an order would be drafted. The transcript recording stopped for four minutes. The hearing resumed with Respondent's daughter present. Respondent's daughter had indicated she was afraid of her father and did not want to proffer testimony while he was present. After her testimony, the trial court indicated it "would be sufficient enough to state that [Respondent] would be a danger to others," and ordered treatment to continue for thirty days.
The trial court filed a written order on 16 February 2018. Based upon the testimony of Dr. Besta and Respondent's daughter, the trial court concluded Respondent was a danger to himself and others. The order required Respondent to be committed for thirty days of inpatient treatment to be followed by ninety days of outpatient treatment.
The trial court reconvened on 23 February 2018. Stand-by counsel appeared with Respondent, who filed a notice of appeal. The trial court accepted the notice of appeal.
II. Jurisdiction
An appeal of right lies with this Court from a final judgment of involuntary commitment pursuant to N.C. Gen. Stat. §§ 7A-27(b)(2) and 122C-272 (2017). This appeal is properly before this Court "notwithstanding the fact that the period of [his] involuntary commitment has ended." In re Whatley , 224 N.C. App. 267, 270, 736 S.E.2d 527, 529 (2012) (citation omitted). "When the challenged order may form the basis for future commitment or may cause other collateral legal consequences for the respondent, an appeal of that order is not moot." In re Webber , 201 N.C. App. 212, 217, 689 S.E.2d 468, 472-73 (2009).
III. Issues
Respondent argues the trial court erred by allowing him to proceed without counsel in an involuntary commitment hearing, or alternatively, the trial court failed to conduct the proper colloquy to allow him to waive counsel. Respondent also argues the trial court erred by conducting a portion of the hearing outside of his presence, and denying him an opportunity to cross-examine witnesses against him.
IV. Waiver of Counsel
Respondent asserts N.C. Gen. Stat. § 122C-268(d) requires respondents in involuntary commitment hearings to be represented by counsel. He argues this is a matter of statutory interpretation, giving this Court de novo review.
This Court has previously considered a respondent's waiver of his right to counsel in an involuntary commitment proceeding. In re Watson , 209 N.C. App. 507, 706 S.E.2d 296 (2011). We are bound by a previous decision by this Court on the same issue. In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).
Under N.C. Gen. Stat. § 122C-268(d), "[a] person facing involuntary commitment must be represented by counsel of his choice, and if he is indigent, he must be represented by counsel appointed in accordance with the rules adopted by the Office of Indigent Defense Services ('IDS Rules')." In re Watson , 209 N.C. App. at 513-14, 706 S.E.2d at 300.
Rule 1.6 of the IDS Rules, which applies to non-criminal cases at the trial level and entitled "Waiver of Counsel," states that an indigent person may waive the right to counsel
if the court finds of record that at the time of waiver the indigent person acted with full awareness of his or her rights and of the consequences of the waiver. In making such a finding, the court shall follow the requirements of G.S. 15A-1242 and shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the matter.
IDS Rule 1.6(a) (2015).
N.C. Gen. Stat. § 15A-1242 allows a defendant to waive counsel, but only after the trial court
makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2017).
This Court has held "that the protections afforded by N.C. Gen. Stat. § 15A-1242, N.C. Gen. Stat. § 122C-268(d), and IDS Rule 1.6 are mandatory in involuntary commitment proceedings and that the rationale from [criminal] cases also applies to cases of involuntary commitment." In re Watson , 209 N.C. App. at 516, 706 S.E.2d at 302.
In this case, the transcript provides no indication tending to show the trial court considered and made findings of the relevant factors under the statute or IDS Rule 1.6. Further, the transcript reveals the trial court failed to conduct the appropriate colloquy with Respondent prior to allowing him to waive counsel and proceed with the hearing. Though no required "checklist" exists for the trial court to complete prior to granting a request to waive counsel, the trial court in this case did not follow the factors in the statute and only asked Respondent if he still wished to proceed pro se . See id. at 520-21, 706 S.E.2d at 304.
The State concedes the trial court erred and requests this Court to "take the action it deems just and proper" to correct the error. "Because the trial court failed to comply with the statutory mandates of N.C. Gen. Stat. § 15A-1242, N.C. Gen. Stat. § 122C-268(d) and IDS Rule 1.6, [R]espondent's waiver of counsel was ineffective and the resulting commitment order must be vacated." Id. at 519, 706 S.E.2d at 304.
V. Right to Confront Witnesses
Though the order is vacated due to noncompliance with the required statutory factors to establish a waiver of counsel, if this matter is re-heard, there is a possibility Respondent could again be harmed by being denied the right to confront witnesses against him. For that reason, we also address this issue.
"With the consent of the court, counsel may in writing waive the presence of the respondent." N.C. Gen. Stat. § 122C-268(e) (2017). However, "the respondent's right to confront and cross-examine witnesses may not be denied." N.C. Gen. Stat. § 122C-268(f) (2017). "The statute could hardly be more explicit in preserving [a] respondent's right of confrontation." In re Benton , 26 N.C. App. 294, 296, 215 S.E.2d 792, 793 (1975).
This Court has held it is error when a respondent is denied his right to cross-examine a witness when a medical report or affidavit is admitted in lieu of testimony and is used as a basis for the order of his commitment. See In re Benton , 26 N.C. App. at 296-97, 215 S.E.2d at 793-94 ; In re Mackie , 36 N.C. App. 638, 640, 244 S.E.2d 450, 452 (1978). The order for Respondent's involuntary commitment indicates the trial court "incorporated by reference" a report by Dr. Walter Gay to find "clear, cogent, and convincing evidence" exists of Respondent's mental illness and danger to himself and others to order an involuntary commitment. Dr. Gay did not testify at the hearing. Respondent was denied his right to confront and cross-examine Dr. Gay. See In re Benton , 26 N.C. App. at 296-97, 215 S.E.2d at 793-94 ; In re Mackie , 36 N.C. App. at 640, 244 S.E.2d at 452.
Further, the issue of confrontation in this case does not only apply to Respondent's examining doctor, but also his right to be present during his daughter's testimony. The transcript indicates Respondent's daughter stated to the court she did not want to testify in her father's presence because she was afraid of him. It is unclear from the record whether Respondent's appointed, stand-by counsel was present during her testimony.
Respondent's daughter presented testimony of his purported previous diagnosis of schizophrenia, alleged drug use, and averred threats against herself, her husband, and other bystanders. It is uncontroverted the trial court used her testimony as a basis to order Respondent's commitment. See In re Benton , 26 N.C. App. at 296-97, 215 S.E.2d at 793-94.
The State also concedes error in the denial of Respondent's right to confront witnesses against him. This court is aware of the fear and potential reluctance for close family members to come forward and to testify at an involuntary commitment hearing with a respondent present and the potential future impacts upon the familial relationship. To the extent the witness is in fear of harm and retribution from a respondent, the court is to address the witness' safety and protection from harassment. Upon remand, the trial court may not impede Respondent's right to confront and cross-examine witnesses.
VI. Conclusion
The trial court erred in not conducting the mandatory inquiry and findings into Respondent's request to waive his right to counsel. The trial court also erred in denying Respondent his right to confront and cross-examine witnesses.
The trial court's order for involuntary commitment is vacated. This matter is remanded for further proceedings not inconsistent with this opinion. It is so ordered.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges STROUD and ARROWOOD concur.